This is an action at law against a guarantor on a promissory note to the plaintiff, and for counsel fees as well as equitable relief to set aside an alleged fraudulent conveyance of real estate from the defendant guarantor to the other defendant, his wife. The defense was, essentially, no knowledge and, by way of special defense, that the note was usurious.
The court, having heard the parties, finds that on March 20, 1970, the Gershy Offset Printing Company, a Connecticut corporation, executed a promissory note for $11,814.40 to the plaintiff. The defendant Thomas Massinin signed it as president of the maker corporation and, on the reverse side, personally as guarantor. The note was payable in eighteen monthly instalments and provided for an annual percentage rate of interest of 12.87 and that, if any instalment was not paid when due, the entire unpaid balance became due, together with reasonable attorneys' fees and costs incurred in collection.
Instalment payments were made through March 20, 1971. The payment due on April 20, 1971 was unpaid. By the institution of this suit on May 6, 1971, the plaintiff exercised its option that the entire unpaid balance of $4351.68 became immediately due.
On January 28, 1971, Thomas Massinin conveyed, by quitclaim deed a one-half interest in his residence to his wife, the defendant Evelyn Massinin. No conveyance tax stamps were affixed to the deed. *Page 156 
On April 26, 1971, the Gershy Offset Printing Company filed a petition in bankruptcy in the United States District Court.
The defendants purchased their home in 1966 for $24,000. Evelyn furnished the $5500 down payment and executed, with Thomas, a mortgage to a bank for the balance of the purchase price. In 1969 the defendants refinanced the mortgage loan, and Thomas used $5000 of the new loan as a down payment to purchase the Gershy company. Subsequently, Evelyn loaned an additional $1500 to Thomas to meet the Gershy company payroll.
The note to the corporation was not usurious. General Statutes § 37-9.[1]
The plaintiff offered no evidence as to the reasonable value of attorneys' fees incurred by it or as to the amount of interest claimed.
The court concludes that, since the note was not usurious as to the corporate maker, it was enforceable against the guarantor. This is so, even though a note at such interest on a loan to an individual would be usurious. The contract of guaranty is an agreement separate and distinct from the contract between the lender and borrower. The surety is held to his agreement so long as the original loan transaction is not usurious. Dahmes v. Industrial CreditCo., 261 Minn. 26; General Phoenix Corporation v.Cabot, 300 N.Y. 87. A surety may take advantage of the defense of usury only when the principal may.Botsford v. Sanford, 2 Conn. 276, 285.
The conveyance of Thomas' interest in the residence to his wife was not void under General Statutes *Page 157 
§ 52-552, which provides: "All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs." The plaintiff had the burden of establishing a violation of the statute. This it failed to do.
The mere fact that no conveyance tax stamp was affixed to the quitclaim deed between the husband and the wife is not proof of lack of consideration. General Statutes § 12-498, which exempts transfers by gift of realty from the requirement of § 12-494, subjecting realty transfers to a tax, does not mean that a deed between a husband and a wife, without conveyance tax stamps, proves that the transfer was a gift without consideration. The fact that no transfer tax was paid merely raises a presumption that a gift was intended. Such a presumption may be rebutted by substantial evidence to the contrary; then the opposing party would have to establish by a preponderance of the evidence that a gift was intended. Trenchard v. Trenchard, 141 Conn. 627;O'Dea v. Amodeo, 118 Conn. 58, 61. This the plaintiff failed to do.
 Whereupon, judgment may enter in favor of the plaintiff against the defendant Thomas Massinin in the amount of $4351.68, without interest, and in favor of the defendant Evelyn Massinin.