■ JACQUELINE KAY, Appellant, v. SIDNEY G. KAY, Respondent.— In an action for a divorce, plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County, dated June 11, 1973, as, fixed the amounts of alimony, child support and counsel fees. Judgment modified by (1) increasing the amount of alimony to the sum of $300 per week; (2) increasing the amount of support to the infant children to the sum of $75 a week per child; (3) increasing the additional counsel fee awarded to the sum of $10,000; and (4) adding thereto a provision providing that defendant is directed to reimburse the plaintiff for the reasonable summer camp expenses of the infant children and that the awards of child support are without prejudice to further applications by the plaintiff to compel the defendant to pay the reasonable college expenses of the infant children. As so modified, judgment affirmed insofar as appealed from, without costs. The amounts awarded by Special Term for alimony and child support did not adequately reflect the preseparation standard of living of the parties. Further, the judgment should have provided for the reasonable payment of summer camp expenses by the defendant by virtue of his previous assumption of such payments. The award of counsel fees should be increased to the extent indicated. Hopkins, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.

■ RANDOLPH KELLMAN, Appellant, v. SAMUEL BIERMAN, Respondent.— In an action upon promissory notes, plaintiff appeals from an order of the Supreme Court, Queens County, dated March 6, 1974, which denied his motion, pursuant to CPLR 3213, for summary judgment in lieu of a complaint. Order reversed, on the law, with $20 costs and disbursements, and motion granted. The setoff claims advanced by the defendant-guarantor arose independently of the "buy-out agreement" entered into by the plaintiff and the obligors and do not constitute a partial failure of the consideration for that agreement. Hence, these claims, whatever their merit, are not available to the defendant in this action (Elliott v. Brady, 192 N. Y. 221; Walcutt v. Clevite Corp., 13 N Y 2d 48, 55–56; Gillespie v. Torrance, 25 N. Y. 306; Lasher v. Williamson, 55 N. Y. 619). In these circumstances and in the absence of genuine factual issues, summary judgment is proper (cf. Badische Bank v. Ronel Systems, 36 A D 2d 763; Seaman-Andwall Corp. v. Wright Mach. Corp., 31 A D 2d 136). Hopkins, Acting P. J., Shapiro, Cohalan, Christ and Benjamin, JJ., concur.