PEOPLE'S BANK *v.* CAROLE MOSCOWITZ ET AL.
(11547)

LAVERY, LANDAU and SCHALLER, Js.

Argued April 2—decision released May 11, 1993

*Theodore R. Tyma,* with whom, on the brief, was *Thomas E. Minogue,* for the appellant (plaintiff).

*Francis G. Pennarola,* for the appellees (defendants).

PER CURIAM. This is an appeal by the plaintiff, People's Bank, from the denial of its motion for a deficiency judgment. The plaintiff claims that the trial court improperly (1) denied its motion for a deficiency judgment without an evidentiary hearing, and (2) denied the plaintiff's request to amend its motion seeking a deficiency judgment. We agree with the second claim, find that claim to be dispositive, and reverse.

The following facts are not in dispute. A foreclosure action was commenced on October 18, 1992, naming Carole Moscowitz and Marc Moscowitz as the only defendants. The defendants appeared through an attorney and entered into an agreement with People's Bank that provided, inter alia, for a deficiency in the amount of $80,000.[1] Pursuant to agreement, a judgment of strict foreclosure was entered by the court and a timely motion for a deficiency judgment was filed. This motion was appropriate in every respect except one.[2] While it contained the correct docket number and title,

---

[1] This figure represented a compromise of the claimed deficiency in excess of $100,000. The agreement also provided for an expedient prosecution of the foreclosure action, that the defendants would file a disclosure of no defense and consent to a twenty-one day law day period and a consensual attachment of $80,000 on other real property owned by the defendants.

[2] We note that the motion alleged that the court set a law day of February 24, 1992, for the owner of the equity of redemption, and that title passed to the bank on February 25, 1992, when, in fact, the court's judgment set February 18, 1992, as a law day and title passed on February 19, 1992. Applying the maxim "de minimis non curat lex," no weight is given to these errors. See *Fellows* v. *Martin,* 217 Conn. 57, 68, 584 A.2d 458 (1991).

together with an appropriate affidavit of debt referencing the previously agreed to debt, the prayer for relief stated: "WHEREFORE, the Plaintiff moves that . . . a Deficiency Judgment be entered in accordance with said valuation as to the Defendants, Charles Nai and Marcia Nai." The proposed order contained the same misnomer. This motion was mailed to defendant's counsel on March 6, 1992.

At the deficiency hearing before the trial court on June 2, 1992, the defendant's attorney filed a written objection to the motion for a deficiency judgment claiming, inter alia, that the plaintiff did not name the proper defendants, Carole Moscowitz and Marc Moskowitz, but rather sought judgment against "Charles Nai and Marcia Nai." At oral argument before the trial court, the defendants conceded that they had actual notice of the deficiency judgment and that they had not been prejudiced by the error contained in the text of the motion. They also asserted, however, that General Statutes § 49-14, to the extent that it permits a deficiency judgment, is in derogation of the common law and must be strictly construed. In response to the defendants' objection, the plaintiff requested permission to amend its motion and proposed order to correct the names, and that the trial court overrule the defendants' objection and grant the motion for a deficiency judgment. The trial court denied the plaintiff's motion to amend and sustained the defendants' objection to the deficiency judgment. This appeal ensued.

The decision to permit a party to amend lies in the sound discretion of the court, but that discretion is a legal discretion and is subject to review. *Robinson* v. *Faulkner,* 163 Conn. 365, 376, 306 A.2d 857 (1972). "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . The salient inquiry is

whether the court could have reasonably concluded as it did. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. . . . In determining whether there has been an abuse of discretion, much depends upon the circumstances of each case." (Citations omitted; internal quotation marks omitted.) *State* v. *Arbour*, 29 Conn. App. 744, 748, 618 A.2d 60 (1992). "Factors that should be considered include unreasonable delay, fairness to the opposing parties and the negligence of the party offering the amendment." *DuBose* v. *Carabetta*, 161 Conn. 254, 263, 287 A.2d 357 (1971).

While it is incontrovertible that § 49-14 (a) is in derogation of the common law and must be strictly construed, it is also quite clear that the plaintiff has complied with the provisions of the statute. A written motion, setting forth the facts relied on as the basis for the judgment, was filed within thirty days after the time limited for redemption had expired. See Practice Book § 528. The defendants agreed to the value of the mortgaged property, their joint liability for the debt, the amount of the debt and the amount of the deficiency. They even agreed to secure the amount of the deficiency by allowing an attachment on other property that they owned.

The granting of the motion to amend by the trial court would involve no unreasonable delay. All parties were prepared to present evidence on the motion for deficiency judgment. Counsel for the plaintiff mailed the motion to the defendants' counsel three months prior to the hearing and, appropriately, the defendants did not claim surprise. In the circumstances of this case, we conclude that the trial court abused its discretion in denying the motion to amend.

The denial of the plaintiff's motion for deficiency judgment is reversed and the case is remanded with direction to grant the motion to amend and to hear the amended motion for deficiency judgment.