■ MARCUS DAIRY, INC., Appellant, v JACENE REALTY CORP., Respondent. [638 NYS2d 779]

The plaintiff was the chief creditor and a 50% stockholder of Naugatuck Dairy Ice Cream Company (hereinafter Naugatuck), a Connecticut corporation. Freedom Foods, Inc. (hereinafter Freedom) purchased the Naugatuck stock, plant, equipment, fixtures, trucks, and inventory for $342,500. Freedom paid $50,000 in cash and signed two promissory notes payable to Naugatuck, one for $200,000 for payment on the inventory, and one for $92,500. The purchase price was subject to post-closing adjustments. The promissory notes, in turn, were assigned by Naugatuck to the plaintiff. Thereafter, the defendant executed an unconditional and irrevocable guarantee of Freedom's payment to the plaintiff of both promissory notes and of certain unpaid invoices for the purchase of ice cream mix. The guarantee was secured by a $200,000 mortgage on real property located in New York State.

Thereafter, upon Freedom's default in the weekly installments on the $200,000 promissory note, the plaintiff brought this action, *inter alia,* to foreclose on the mortgage which secured the guarantee. After a nonjury trial, the court, *inter alia,* dismissed the complaint upon its finding that partial payment had been made by checks from Freedom, and the remainder of the debt was satisfied by adjustments which should have been made for defective and returned inventory. We disagree.

The trial court erred in concluding that credits which the purchaser should have received for defective inventory could be considered setoffs of the defendant's obligations under the guarantee. Under either Connecticut law, which the parties specified would apply to the guarantee agreement, or New York law, a guarantee agreement is separate and distinct from the contract between lender and borrower, and thus a party who enters into an unconditional guarantee of payment may not assert setoffs or defenses which arise independently from

the guarantee (*see, Alling Paper Co. v Massinin,* 31 Conn Supp 154, 156, 325 A2d 533; *Manufacturers Hanover Trust Co. v Yanakas,* 7 F3d 310; *Wallace Barnes Co. v Zachs,* 117 Conn 285, 167 A 726; *Kellman v Bierman,* 45 AD2d 1018; *see also, Elliott v Brady,* 192 NY 221; *Ralston Purina Co. v Siegel's Poultry,* 24 AD2d 926; *Rhodia, Inc. v Steel,* 32 AD2d 753). At bar, the defendant entered into a broad agreement to absolutely and unconditionally guarantee payment of the $200,000 promissory note, and neither the note nor guarantee made any reference to the inventory sold pursuant to the underlying agreement. Under these circumstances, the court should have rejected the defendant's affirmative defense of setoffs. Accordingly, we remit for entry of an appropriate judgment granting the defendant credit only for payments actually made under the guaranteed notes.

We find the plaintiff's remaining contentions to be without merit. Balletta, J. P., Joy, Krausman and Florio, JJ., concur.