SOUTH END PLAZA ASSOCIATION, INC. *v.* JOHN C. COTE, SR., ET AL.
(AC 18148)

O'Connell, C. J., and Lavery and Spear, Js.

Argued November 2, 1998—officially released March 23, 1999

*Thomas J. Morrissey*, pro hac vice, with whom were *James N. Tallberg* and, on the brief, *R. Alisha Verdone* and *Jennifer A. Osowiecki*, for the appellant (defendant Premier Capital, Inc.).

*Darcy Kochiss Ellis*, with whom, on the brief, were *Tanis Reid* and *Robert A. Maniscalco*, for the appellee (defendant Wilshire Credit Corporation).

*Opinion*

O'CONNELL, C. J. Premier Capital, Inc. (Premier), a defendant in this foreclosure action, appeals from the judgment of the trial court on a motion for determination of priorities and supplemental judgment. The trial court ruled in favor of Wilshire Credit Corporation (Wilshire), another defendant in the foreclosure action, and found that Wilshire had priority over Premier to the proceeds of the foreclosure sale. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. In July, 1987, John C. Cote, Sr., the owner of the equity of redemption and a defendant in the foreclosure action, acquired units 59 and 60 of the South End Plaza common interest community by means of a single warranty deed. To finance the purchase, Cote executed two promissory notes to Brookfield Bank, each in the original principal amount of $112,000. Both notes originated as preprinted forms and both contained a section entitled "Security Interests and Other Rights." Under this section, the forms had the words, "I am giving you a mortgage on real estate of mine located at (give street address)," followed by a blank line. On one note, Cote filled in the blank with typewritten words, so that the sentence read, "I am giving you a mortgage on real estate of mine located at Unit #59, South End Plaza, New Milford, Conn." The other note read, "I am giving you a mortgage on real estate of mine located at Unit #60, South End Plaza, New Milford, Conn."

The notes were secured by two mortgage deeds, one for unit 59 and the other for unit 60. Each mortgage stated that the mortgagor was indebted to the mortgagee pursuant to the terms of a commercial promissory note that was attached as schedule D. The schedule D that was recorded following the unit 59 mortgage consists of a copy of the note on which is typewritten, "I am giving you a mortgage on . . . Unit #60." The schedule D attached to the mortgage deed to unit 60 was a copy of the note that read, "I am giving you a mortgage on . . . Unit #59."

Brookfield Bank retained ownership of the loan documents until its closure in 1992. The original notes and mortgages subsequently came into the possession of the Federal Deposit Insurance Corporation (FDIC) as receiver of Brookfield Bank. The FDIC foreclosed its mortgage on unit 59 in July, 1994. In December, 1995, the FDIC endorsed to Premier the unit 59 promissory

note with the intention that Premier would have the right to collect any deficiency that remained under the unit 59 note. In January, 1996, the FDIC endorsed to Wilshire the note containing the statement that Cote was giving a mortgage on unit 60. In April, 1997, South End Plaza Association, Inc. (South End), the plaintiff, initiated the foreclosure action underlying this appeal. South End sought to foreclose its lien on unit 60 for the nonpayment of condominium fees. Both Wilshire and Premier were named as defendants in the action, each alleging an interest in unit 60.

Following a judgment of foreclosure by sale and the subsequent sale of unit 60, the trial court held a separate hearing to determine whether Premier or Wilshire owned the mortgage to unit 60 and was entitled to the proceeds of the sale in excess of the amount due South End. The trial court found that Wilshire's note was secured by the mortgage on unit 60 and, therefore, it had priority to the sale proceeds. Premier appeals from that ruling.[1]

Premier argues that its note referencing unit 59 was secured by a mortgage on unit 60 because its note was recorded as schedule D of the unit 60 mortgage. We are not persuaded.

It is axiomatic that the meaning and intent of language in both a contract and a deed are determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in light of the surrounding circumstances. *Grigerik* v. *Sharpe*, 45 Conn. App. 775, 786–87, 699 A.2d 189 (1997), rev'd on other grounds, 247 Conn. 293, 721 A.2d 526 (1998); *Castonguay* v. *Plourde*, 46 Conn. App. 251, 258, 699 A.2d 226, cert. denied, 243

---

[1] The trial court also declined Premier's request for reformation of the promissory note or an equitable apportionment of the sale proceeds. At oral argument on its appeal, Premier abandoned its equitable claims.

Conn. 931, 701 A.2d 660 (1997). Furthermore, "[i]n giving meaning to the language of a contract, we presume that the parties did not intend to create an absurd result." *New England Savings Bank* v. *FTN Properties Ltd. Partnership*, 32 Conn. App. 143, 145, 628 A.2d 30 (1993).

Here, Premier's promissory note for unit 59 clearly states that it is secured by a mortgage on unit 59. Likewise, Wilshire's note for unit 60 expressly states that it is secured by a mortgage on unit 60. Both documents were signed and properly executed. Moreover, the mortgage deeds were presented for recording at the same time and were recorded on successive pages of the land records. These facts support the interpretation that Wilshire's note was secured by a mortgage on unit 60 and that the schedule D pages of the mortgage deeds were transposed accidentally.

Furthermore, the assignment of the debt to Premier and Wilshire did not alter the parties' original intent. "[T]he assignment of the note evidencing the debt automatically carries with it the assignment of the mortgage." *New Milford Savings Bank* v. *Jajer*, 244 Conn. 251, 266, 708 A.2d 1378 (1998). This principle holds true even when the mortgage is in the hands of another. General Statutes § 49-10; *Pettus* v. *Gault*, 81 Conn. 415, 422, 71 A. 509 (1908). Thus, Premier's mere possession of the mortgage deed to unit 60 is not dispositive of its ownership. Furthermore, Premier's interpretation of intent would lead to the absurd result that a note that states it is secured by one mortgage is actually intended to be secured by another mortgage. We therefore conclude that Wilshire's note is secured by the unit 60 mortgage.

The judgment is affirmed.

In this opinion the other judges concurred.