■ MEDALLION FUNDING CORP., Respondent, v MICHAEL NORRITO et al., Appellants. [708 NYS2d 617] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about March 11, 1999, which, in an action by a financing company to recover on guarantees, insofar as appealed from, granted plaintiff's motion for summary judgment on one of the guarantees, and order, same court and Justice, entered October 13, 1999, which, insofar as appealable, denied defendants' motion for renewal of the March 11, 1999 order and for summary judgment on their counterclaims, unanimously affirmed, with costs.

On plaintiff's motion for summary judgment, defendants' various defenses to the guarantee in issue were all based on their own alleged agreements with plaintiff, and properly rejected on the ground that "a party who enters into an unconditional guarantee of payment may not assert setoffs or defenses which arise independently from the guarantee" (*Marcus Dairy v Jacene Realty Corp.*, 225 AD2d 528, 528-529). On defendants' motion to renew, which purported to adduce additional facts bearing on the limit of the guarantee and the amount of the underlying indebtedness, defendants did not justify their failure to adduce such facts on the original motion (CPLR 2221 [e] [3]). In any event, the additional "facts" are contrary to the documentary evidence and entirely conclusory insofar as they relate to the amount of the guarantee, and not inconsistent with the result reached on the original motion insofar as they relate to the amount of the underlying indebtedness (CPLR 2221 [e] [2]). Nor are defendants entitled to summary judgment on their counterclaims based on their participation agreements with plaintiff, under which they were to share in plaintiff's loan proceeds in consideration of having referred

potential borrowers to plaintiff. Such participation agreements were expressly subordinated to defendants' guarantees, i.e., plaintiff was to be repaid in full before sharing any loan proceeds with defendants, and, as the IAS Court found, issues of fact exist as to which and to what extent the loans subject to a participation agreement were in default. Concur—Rosenberger, J. P., Williams, Mazzarelli, Rubin and Friedman, JJ.