## REGENCY SAVINGS BANK *v.* WESTMARK PARTNERS ET AL.
## (AC 19683)

Lavery, C. J., and Spear and Cretella, Js.

---

Argued March 28—officially released August 1, 2000

*Scott D. Rosen,* for the appellant (plaintiff).

*Thomas L. Kanasky, Jr.,* for the appellees (defendants).

*Opinion*

LAVERY, C. J. The plaintiff, Regency Savings Bank, appeals from the judgment of the trial court sustaining the defendants'[1] objection to a motion for deficiency judgment arising out of a mortgage foreclosure action. The plaintiff contends that the court improperly concluded that certain defendants[2] were not liable for any portion of the deficiency pursuant to a guarantee agreement. We reverse the judgment of the trial court.

The following facts are relevant to this appeal. On June 30, 1987, CGI Danbury Associates Limited Partner-

---

[1] The defendants are Westmark Partners, Monroe Markovitz in his individual capacity, Monroe Markovitz and Gloria Weissberg as executors of the estate of Jesse S. Weissberg, Elcom Company, Inc., and Ford Motor Credit Company.

[2] The defendants in question are Monroe Markovitz in his individual capacity, and Monroe Markovitz and Gloria Weissberg as executors of the estate of Jesse S. Weissberg.

ship (CGI) executed a $3.5 million promissory note to Society for Savings (Society) and secured the note with a mortgage deed to a parcel of land in Danbury (property). CGI also granted to Society a security interest in various other collateral. Subsequently, CGI desired to convey the property to the named defendant, Westmark Partners (Westmark). Society permitted the conveyance.[3] In exchange, Westmark agreed to assume all of the obligations of CGI, the original borrower, under the note. In addition, two members of the Westmark partnership, Monroe Markovitz and Jesse S. Weissberg (guarantors), agreed to guarantee payment of the note.[4] On February 18, 1988, agreements effecting this transaction were executed by the parties. In 1996, Society assigned its interest in the note to the plaintiff.

Payment on the note ceased on July 1, 1997, and the plaintiff exercised its option to declare the entire balance due. The plaintiff commenced this action on October 7, 1997, to foreclose the mortgage that secured the note guaranteed by the guarantors. The court rendered a judgment of strict foreclosure in favor of the plaintiff on August 31, 1998.

At the time of the judgment, the court found that the mortgage debt was $3,573,731.83. The court further found that the value of the property was $2.3 million. On October 20, 1998, the plaintiff filed a motion for a deficiency judgment against Westmark and the guarantors. On November 30, 1998, the defendants filed an objection, which the court sustained. The plaintiff

---

[3] The plaintiff's brief notes that Society had no obligation to permit the conveyance, as it would have constituted a default under the governing agreement. Society also waived any default under the mortgage in connection with the conveyance and further waived any prepayment fees in connection with the conveyance.

[4] The amount guaranteed was limited to the total of the last twelve months of monthly installments of principal and interest due on the note prior to the lender's acceleration.

appealed. Other facts will be discussed where they are relevant to issues in this appeal.

"Where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 158, 595 A.2d 872 (1991). Accordingly, this court's review of the contract and its accompanying guarantee is plenary. *Days Inn of America, Inc.* v. *161 Hotel Group, Inc.*, 55 Conn. App. 118, 124, 739 A.2d 280 (1999).

This appeal focuses on the question of what extent, if at all, the guarantors are liable for a deficiency judgment. The guarantors contend that they are protected from a deficiency judgment by language in the note that states, "In any action brought by the Lender with respect to the Loan naming the Borrower or any Parties as a defendant, the Lender shall not, except as specifically provided above, enforce a judgment for money damages against the Borrower or any Parties obtained by deficiency judgment or otherwise."

The plaintiff focuses on language in the guarantee signed by Markovitz and Weissberg, and contends that it defines the plaintiff's right to recover from them. The guarantee states that "each of the undersigned Guarantors . . . unconditionally guarantees by this agreement . . . the payment and performance from or by the Borrower of any and all obligations from the Borrower to the Lender . . . ." The guarantee defines "obligations" to include "the Loan evidenced by the Note." The guarantee also states that the liability of Markovitz and Weissberg is unconditional and absolute. The guarantee states that "the liability of the Guarantor hereunder is direct and unconditional and may be enforced without requiring the Lender first to resort to any other right, remedy or security . . . ." The guaran-

tee also provides that foreclosure or disposition of the property does not affect the liability of the guarantors. The note protects the borrower against a deficiency judgment. The guarantee, on the other hand, does not afford the guarantors such protection, although it does limit their liability.[5]

"A contract must be construed to effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." (Internal quotation marks omitted.) *Tallmadge Bros., Inc.* v. *Iroquois Gas Transmission System, L.P.*, 252 Conn. 479, 498, 746 A.2d 1277 (2000).

In short, a guarantee is a promise to answer for the debt, default or miscarriage of another. *Superior Wire & Paper Products, Ltd.* v. *Talcott Tool & Machine, Inc.*, 184 Conn. 10, 20–21 n.8, 441 A.2d 43 (1981); see also *Ted Spangenberg Co.* v. *Peoples Natural Gas, Division of Northern Natural Gas Co.*, 305 F. Sup. 1129, 1135 (S.D. Iowa 1969), aff'd, 439 F.2d 1260 (8th Cir. 1971). It is simply a species of contract. *AALCO Plumbing Supply Co.* v. *John L. Henson Plumbing Co.*, 464 S.W.2d 10, 12 (Mo. 1971). The contract of guarantee is no doubt an agreement separate and distinct from the contract between the lender and the borrower. *Alling Paper Co.* v. *Massinin*, 31 Conn. Sup. 154, 156, 325 A.2d 533 (1974); see also *Graybar Electric Co.* v. *Opp*, 138 Ga. App. 456, 457, 226 S.E.2d 271, amended, 140 Ga. App. 481, 231 S.E.2d 494 (1976). When two agreements, however, are

---

[5] See footnote 4.

connected by reference and subject matter, both are to be considered in determining the real intent of the parties. *Massaro* v. *Savoy Estates Realty Co.*, 110 Conn. 452, 459, 148 A. 342 (1930). "Where . . . the signatories execute a contract which refers to another instrument in such a manner as to establish that they intended to make the terms and conditions of that other instrument a part of their understanding, the two may be interpreted together as the agreement of the parties." *Batter Building Materials Co.* v. *Kirschner*, 142 Conn. 1, 7, 110 A.2d 464 (1954). Accordingly, we read the note, mortgage deed and subsequent guarantee together for purposes of interpreting their provisions.

The court interpreted the documents as follows: The note and mortgage deed state that the borrower is not obligated to pay a deficiency judgment; the guarantors are required to meet only the obligations of the borrower; therefore, the guarantors are not obligated to satisfy a deficiency judgment that is not an obligation of the borrower.

We cannot agree with the trial court's conclusion. Such an interpretation would render the guarantee a nullity. The guarantee would have no force and effect. See *South End Plaza Assn., Inc.* v. *Cote*, 52 Conn. App. 374, 378, 727 A.2d 231 (1999). We cannot conclude that Society, when it allowed the original borrower to convey the property to Westmark, would have done so in exchange for a guarantee that is virtually meaningless. Our Supreme Court long ago noted the improbability that either party to an agreement "would intend or consciously enter into an agreement which is unfair and inequitable to himself . . . ." *Peoples* v. *New England Lumber & Box Co.*, 107 Conn. 724, 726, 142 A. 387 (1928).

The court's conclusion is not in accord with this court's well settled reluctance to "conclude that a con-

tractual provision constitutes a meaningless gesture by the parties. . . . The rules of construction dictate giving effect to all the provisions of a contract, construing it as a whole and reconciling its clauses. . . . Where two clauses which are apparently inconsistent may be reconciled by a reasonable construction, that construction must be given, because it cannot be assumed that the parties intended to insert inconsistent and repugnant provisions." (Internal quotation marks omitted.) *Warner Associates* v. *Logan*, 50 Conn. App. 90, 95, 718 A.2d 48 (1998).

This case is similar to *Federal Deposit Ins. Corp.* v. *Singh*, 977 F.2d 18, 20 (1st Cir. 1992), in which a partnership in 1985 executed a promissory note to a bank, with the note being guaranteed by the individual partners. Two years later, a new note was substituted and, among other changes, contained an assurance that the bank would look solely to its collateral for satisfaction of the obligations of the debt and not to the personal assets of any partner. Id. In addressing the conflict between the second note and the guarantee, the United States Court of Appeals for the First Circuit rejected the partners' "unremitting effort to overshadow the Guaranty by a single-minded focus on the 1987 Note's non-recourse provision"; id., 22; stated that rendering the guarantee nugatory would contradict well settled law that directs courts to give effect to each provision of an agreement where feasible and enforced the guarantee. Id., 22–23.

It is an abiding principle of equity jurisprudence that parties should be placed in situations in which they agreed to be placed. *OCI Mortgage Corp.* v. *Marchese*, 56 Conn. App. 668, 683, 745 A.2d 819, cert. granted on other grounds, 253 Conn. 903, 753 A.2d 937 (2000), citing *Atwood* v. *Vincent*, 17 Conn. 575, 582 (1846). The guarantors agreed to guarantee the note and specifically limited their liability as set forth in footnote 4. This

guarantee occurred in consideration for Society's allowing the property to be conveyed to Westmark, without the acceleration of the mortgage note. We will not allow the guarantors to receive the benefit of their bargain, but escape its risks when they arise. See *Iamartino* v. *Avallone*, 2 Conn. App. 119, 126, 477 A.2d 124, cert. denied, 194 Conn. 802, 478 A.2d 1025 (1984). We therefore conclude that the defendants' objection to the motion for deficiency judgment should have been overruled.

The judgment is reversed and the case is remanded for further proceedings on the plaintiff's motion for a deficiency judgment.

In this opinion the other judges concurred.