[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO AMEND
This is an action by the plaintiff, Carol Jandrok, for injuries and damages the plaintiff allegedly sustained on January 14, 1995 as a result of a slip and fall on property owned and/or controlled by several defendants. The plaintiff further alleged in her complaint that the defendants negligently failed to remove ice and snow from the premises, failed to warn customers of the danger of such ice and snow and failed to inspect the area for such danger. She further alleged that this negligence was the direct and proximate cause of several injuries to her person. CT Page 307
The plaintiff's original writ of summons and complaint, filed January 21, 1997, named as defendants Naugatuck Savings Bank and Garwin D. Hardisty.
On March 12, 1999, the plaintiff withdrew her complaint against the defendant Hardisty, and on January 19, 2000, the plaintiff filed a motion to cite in August and Joseph Dinova as party defendants. On February 16, 2000, the plaintiff filed an amended complaint pursuant to General Statutes § 52-592,[1] alleging in Count Two that the Dinovas and not Hardisty were the owners of the building in Middlebury where the plaintiff slipped and fell on ice: On August 25, 2000, the Dinovas filed a motion for summary judgment with a supporting memorandum, on the ground that there are no genuine issues of material fact in dispute and as a matter of law, the statute of limitations set forth in General Statutes § 52-584,[2] bars count two of the plaintiff's complaint. The plaintiff filed an objection to the motion for summary judgment with an accompanying memorandum, dated September 29, 2000. On October 10, 2000, the plaintiff filed a request for leave to amend her complaint and a second amended complaint against the Dinovas, alleging a new cause of action pursuant to General Statutes § 52-593. On October 16, 2000, the Dinovas filed an objection to the request for leave to amend, pursuant to Practice Book § 10-60, accompanied by a memorandum of law, and on November 22, 2000, the Dinovas filed a supplemental memorandum in support of their objection.
"Practice Book. . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies, 233 Conn. 732 751, 660 A.2d 810 (1995). "Summary judgment may be granted where the claim is barred by the statute of limitations."Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1996).
The Dinovas first argue that General Statutes § 52-592, the accidental failure of suit statute, cannot overcome the expiration of the statute of limitations, pursuant to § 52-584, because the Dinovas were not parties to the original action. Section 52-592 provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed . . . or CT Page 308 for any matter of form . . . the plaintiff. . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action. . . ." The plaintiff brought the present action against the. Dinovas on February 16, 2000, over five years after the plaintiff allegedly incurred her injuries. According to §52-584, the applicable statute of limitations period for this action is two years. "While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted." Kaye v. Manchester, 20 Conn. App. 439, 444, 568 A.2d 459
(1990). It is submitted that because the plaintiff changed an entire party in its amended complaint, and did so after the applicable statute of limitations expired, the present action against the Dinovas cannot stand and as a matter of law the court should grant the motion for summary judgment.
During the short calendar hearing on December 4, 2000, the plaintiff argued, however, that there was an error in her amended complaint, filed February 16, 2000. The plaintiff's attorney stated that he intended to allege that General Statutes § 52-593 permitted filing the amended complaint, thereby keeping the action within the applicable statute of limitations period, and that he accidently cited General Statutes §52-592, purely due to a typographical error. The attorney argued that this mistake is apparent because while General Statutes § 52-592 is the statute cited, the actual wording utilized is that of General Statutes § 52-593.
The court finds it difficult to accept the plaintiff's argument because there is no such evidence of the plaintiff's alleged error. The plaintiff's attorney not only typed the statutory § 52-592 in the amended complaint, he also supported it with the language of § 52-592
"accidental failure of suit." Furthermore, the motion for summary judgment was in response to the plaintiff's use of § 52-592 in her amended complaint, where there was no reference to § 52-593
whatsoever. The court finds that the amended complaint, filed February 16, 2000, alleged a cause of action pursuant to § 52-592 and not § 52-593.
The Dinovas also argue that the court should deny the plaintiff s request for leave to amend. On October 10, 2000, the plaintiff filed a request to amend her complaint and filed a second amended complaint against the Dinovas, alleging a cause of action pursuant to General Statutes § 52-593.[3] The Dinovas argue that the plaintiff has no recourse under § 52-593 until the court reaches its decision relative to the plaintiff's claim under § 52-592. In addition, the Dinovas CT Page 309 argue that the court should deny the request to amend because it is not an attempt to clarify matters or cure a defect, but to assert an entirely new cause of action, which is an untimely motion upon the eve of trial. The Dinovas argue that the plaintiff's change of defendants was due to the plaintiff's carelessness and not to a bonafide mistake, and therefore § 52-593 should not apply in this case.[4] The Dinovas argue that they will be greatly prejudiced if they have to defend the plaintiff's claim five years after the alleged incident and will experience a great deal of difficulty conducting meaningful discovery especially in light of the fact that the case is scheduled for trial in the near future. The court agrees.
"The plaintiff may amend any defect, mistake or informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day." Practice Book § 10-59. After the first thirty days "a party may amend his or her pleadings or other parts of the record or proceedings at any time . . . [b]y filing a request for leave to file such an amendment, with the amendment appended. . . . If an opposing party shall have objection to any part of such request or the amendment appended thereto, such objection [shall be filed] in writing specifying the particular paragraph or paragraphs to which there is objection and the reasons therefor. . . ." Practice Book § 10-60.
"While our courts have been liberal in permitting amendments . . . this liberality has limitations. (Citations omitted; internal quotation marks omitted.) Connecticut National Bank v. Voog, 233 Conn. 352, 364,659 A.2d 172 (1995). "Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of the delay, fairness to the opposing parties and the negligence, if any, of the party offering the amendment." (Internal quotation marks omitted.) Id. "It is within the discretion of the trial court to grant or deny an amendment, and decision to deny an amendment during a trial will not be disturbed unless there is a clear abuse of that discretion." (Internal quotation marks omitted.) Id., 364-65. "[U]nless there is some sound reason for denying permission to amend in order to remedy mispleading, [a request to do so] should be granted." (Internal quotation marks omitted.) Falby v.Zarembski, 221 Conn. 14, 24, 602 A.2d 1 (1992). "[A]n amended complaint in response to a motion for summary judgment does not constitute prejudice per se. Where a legitimate cause of action is available, but not raised in the original complaint, and allowing such claim in the proceedings will not unduly prejudice the opposing party, then allowing the amendment is not an abuse of the court's discretion." McNeil v.Riccio, 45 Conn. App. 466, 474, 696 A.2d 1050 (1997).
The court finds that it cannot grant the plaintiff's request to amend CT Page 310 because it is the plaintiff's careless actions that have caused the delay in this case and the necessity for a second amended complaint.Connecticut National Bank v. Voog, supra, 233 Conn. 364. For the first three years of this action the plaintiff brought and continued her cause of action against the wrong party defendant as the owner of the property where she fell. Three years after she first brought this action and five years after the alleged incident occurred, the plaintiff moved to cite in the Dinovas as party defendants to this action, alleging that they were the actual property owners of the location where the alleged fall took place. The plaintiff, however, has never alleged the correct location of the property where she allegedly slipped and fell on ice. Even after changing the defendants in this action, the plaintiff still alleges that she fell on property at a Naugatuck Savings Bank located at 670 Main Street in Middlebury, when in fact, the Dinovas property ownership of a Naugatuck Savings Bank is located on 600 Middlebury Road in Middlebury. (Exhibit A., Dinova Affidavit ¶ 5). The plaintiff's failure to allege the correct defendant and property, which is a simple investigation of land records, has been the result of continual carelessness and not the result of a minor mistake, clerical error or confusion with names.People's Bank v. Moscowitz, 31 Conn. App. 266, 269, 624 A.2d 907, cert. denied, 226 Conn. 915, 628 A.2d 987 (1993) (reversing a trial court's refusal to permit an amendment because the amendment was for the purpose of correcting an inadvertent clerical mistake).
Now the plaintiff seeks to further delay this action because her first amended complaint stated a cause of action under General Statutes §52-592, when she claims that she meant to state a cause of action under § 52-593. The plaintiff's attorney stated at short calendar that it was a typographical error and that he meant to assert the action under § 52-593. It has already been submitted that there is no indication in the amended complaint that the plaintiff's attorney mistakenly typed the wrong statute number because he also set forth the statutory language of § 52-592 in the first amended complaint.
In addition, the plaintiff's request comes on the eve of trial, over three years after the close of pleadings, and after the Dinovas filed their motion for summary judgment. In S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 794, 631 A.2d 340, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993), the Appellate Court affirmed the trial court's denial of a request to amend on the grounds that the request was made long after the pretrial and would have resulted in unnecessary delays, including the need for further discovery, and the request was an attempt to avoid the summary judgment motion. See alsoCapitol Restorations Corp. v. Construction Services of Bristol, Inc.,25 Conn. App. 681, 685, 596 A.2d 927 (1991) (affirming a trial court's refusal to permit the amendment because the case had been pending for CT Page 311 more than two years and because the proposed amendment was offered on the day of trial); Shuster v. Buckley, 5 Conn. App. 473, 479, 500 A.2d 240
(1985) (affirming the denial a motion to amend after summary judgment was granted); and Citizens National Bank v. Hubney, 182 Conn. 310, 313,438 A.2d 430 (1980) (affirming a denial to amend an answer after the pleadings were closed and after the plaintiff filed a motion for summary judgment).
Furthermore, an action pursuant to General Statutes § 52-593 cannot stand in this case because the plaintiff has not. "failed to obtain judgment by reason of failure to name the right person as defendant." Section 52-593 "cannot apply to an `original action' which has not yet `failed' for any reason, but only to a `new action' Which is commenced `within one year of the termination of the original action.'. . . Until the instant action is `terminated' and a `new action' is begun, the protection of Section 52-593 will be unavailable to save the plaintiff's right, if any, to sue" the defendant. Kerr v. Metropolitan DistrictComm., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 515671 (April 27, 1994, Sheldon, J.) (quoting General Statutes § 52-593); see also Karp v. American Legion Dept. ofConn., Superior Court, judicial district of New Britain, Docket No. 930462879 (June 18, 1996, Handy J.) (ruling that where "the original action has never been dismissed and the plaintiff has merely cited in the individual defendants," § 52-593 in inapplicable).
The court should finds that the motion for summary judgment should be granted because the plaintiff brought her first action against the Dinovas after the statute of limitations had expired, and as a matter of law an action under § 52-592 can only stand if the original action was commenced against that party within the statute of limitations period. General Statutes § 52-592; Kaye v. Manchester, supra,20 Conn. App. 444.
The plaintiff's request to amend her complaint at this point in time is improper because the plaintiff's need to amend is the result of her own negligence, has already delayed and will further delay this action which is on the eve of trial, and is requested more than three years after the pleadings were closed. It is apparent to the court that the motion to amend is an attempt to avoid a summary judgment motion that was filed before her request to amend. Connecticut National Bank v. Voog, supra,233 Conn. 364. Furthermore, the plaintiff cannot bring an action pursuant to General Statutes § 52-593 because the original action never went to judgment.
For the foregoing reasons, the motion to amend is denied and the motion for summary judgment is hereby granted. CT Page 312
Joseph W. Doherty, Judge.