[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is before the court on remand from the Appellate Court, and the facts of the case can be found therein. Regency Savings Bank v.Westmark Partners, 59 Conn. App. 160 (2000). The Defendants in this action are: Westmark Partners; Monroe Markovitz, in his individual capacity; Monroe Markovitz and Gloria Weissberg, as Executors of the Estate of Jesse S. Weissberg; Elcom Company, Inc.; and Ford Motor Credit Company. The Plaintiff, Regency Savings Bank, seeks a deficiency judgment against Markovitz and the Estate of Jesse Weissberg (the guarantors) pursuant to a limited guarantee agreement. The central issue on remand regards the interpretation of the limited guarantee, but before reaching this issue, the court will first address the Defendants' initial argument that General Statutes § 49-14 precludes a deficiency judgment in this case.
The Defendants argue that General Statutes § 49-14 provides the sole remedy for the Plaintiff in this case, and thus, the court has no authority to allow a deficiency judgment under the guarantee, because the amount actually due under the guarantee is less than the actual deficiency. This argument ignores both the holding of the Appellate Court in this case; Regency Savings Bank v. Westmark Partners, supra,59 Conn. App. 166-67: "([i]t is an abiding principle of equity jurisprudence that parties should be placed in situations in which they agreed to be placed . . . The guarantors agreed to guarantee the note and specifically limited their liability [to the total of the last twelve months of monthly installments of principal and interest due on the note prior to the lender's acceleration]. . . ."); as well as Connecticut case law allowing a foreclosing mortgagee to recover a deficiency against a guarantor who executed a limited guarantee, even where the amount CT Page 4839 recoverable under the limited guarantee was less than the amount of the actual deficiency. See Bank of Boston Connecticut v. Schlesinger,220 Conn. 152, 157-59 (1991); Deutsche Bank v. Hermann, Superior Court, judicial district of StamfordNorwalk at Stamford, Docket No. 095232 (November 30, 1992, Lewis, J.), aff'd, 34 Conn. App. 907, cert. denied,229 Conn. 924 (1994); Union Trust Co. v. Whittier, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316076 (July 31, 1995, Tobin, J.); Union Trust Co. v. Precast, Inc., Superior Court, judicial district of Litchfield, Docket No. 064387 (April 20, 1995,Walsh, J.) (14 Conn.L.Rptr. 103). Moreover, the holding of an Appellate Court establishes the law of the case on remand. Suffield Bank v.Berman, 228 Conn. 766, 775-76 (1994). Accordingly, the Plaintiff is entitled to a deficiency judgment in accordance with the terms of the guarantee.
The guarantee was limited by its terms to "an amount equal to the cumulative total of the last twelve (12) monthly installments of principle and interest due on the loan prior to the Lender's acceleration thereof. It is estimated that the amount of such Guarantee during the first five years of the loan shall be limited to $368,580.00 in accordance with aforesaid calculation." The Plaintiff contends that this should be interpreted to mean that the guarantors must pay an amount equaling the total amount required to be paid pursuant to the loan agreement for the twelve months preceding the date of acceleration. Focusing on the word "due," the Defendants claim that the guarantee limits recovery by the amount in arrears at the time of acceleration. Under this theory, the Defendant would only be liable for three unpaid installments. The court is unpersuaded.
It is well established that "[w]here rights, duties and obligations are fully stated in a written contract between the parties, the court is obligated to determine the intention of the parties from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction." On Site Energy Corp. v.Sperry Rand Corp., 5 Conn. App. 326, 330, cert. denied, 197 Conn. 818
(1985). The obligation is not limited by the installments unpaid and outstanding on the date of acceleration. Although it is true that "due" can mean unpaid, in the context of this agreement, "due" is used in a formula to describe the total amount of payments there were owing, paid or unpaid, in the one year period before acceleration. This language defines by a formula a limit to damages, subject to fluctuations in the interest rate, and does not provide for recoupment of unpaid installments.
Accordingly, the court enters deficiency judgments against the Defendant, Monroe Markovitz, in the amount of $369,000 and against the CT Page 4840 Defendants, Monroe Markovitz and Gloria Weissberg, as co-executors of the Estate of Jesse S. Weissberg, in the amount of $369,000.
Hiller, J.