REGENCY SAVINGS BANK *v.* WESTMARK PARTNERS ET AL.
(AC 21898)

Foti, Mihalakos and Peters, Js.

Argued February 19—officially released June 11, 2002

342

*Thomas L. Kanasky, Jr.*, for the appellants (defendant Monroe Markovitz et al.).

*Scott D. Rosen*, for the appellee (plaintiff).

*Opinion*

FOTI, J. The defendant guarantors in this foreclosure action, Monroe Markovitz, in his individual capacity, and Markovitz and Gloria Weissberg as executors of the estate of Jesse S. Weissberg,[1] appeal from the deficiency judgment rendered by the trial court in favor of the plaintiff, Regency Savings Bank, in the amount of $369,000. The defendants claim that the court improperly (1) rendered a deficiency judgment, (2) determined the amount of liability and (3) rendered judgment separately against them despite contractual language that expressly provided for joint and several liability.[2] We

---

[1] The other defendants, who are not parties to this appeal, are Westmark Partners, Elcom Company, Inc., and Ford Motor Credit Company. We therefore refer in this opinion to Markovitz and Gloria Weissberg as the defendants.

[2] The court rendered a deficiency judgment against Markovitz, in his individual capacity, in the amount of $369,000 and against Markovitz and Weissberg, as executors of the estate of Jesse S. Weissberg, in the amount of $369,000. The guarantee at issue expressly provided for joint and several liability. The parties to this appeal agree that the court should have rendered the deficiency judgment in the amount of $369,000, if at all, jointly and severally against the defendant guarantors. We concur and hold that the judgment should be modified to reflect the fact that the defendants are jointly and severally liable for that amount.

affirm the judgment of the trial court as to the defendants' first and second claims, and reverse the judgment as to the defendants' third claim.

The following facts underlie the claims before us. On June 30, 1987, CGI Danbury Associates Limited Partnership (CGI) executed a $3.5 million promissory note to Society for Savings (Society) and secured the note with a mortgage deed on a parcel of land in Danbury. With Society's permission, CGI conveyed the property to Westmark Partners (Westmark), which agreed to assume all of CGI's obligations under the note. Markovitz and Jesse Weissberg,[3] both partners of Westmark, agreed to guarantee Westmark's payment and performance under the note. In 1996, Society assigned its interest in the note to the plaintiff. The plaintiff commenced an action of foreclosure after installment payments on the note ceased in 1997. On August 31, 1998, the court rendered a judgment of strict foreclosure in the plaintiff's favor.

The plaintiff thereafter filed a motion for a deficiency judgment against Westmark and its guarantors as permitted under General Statutes § 49-14 (a).[4] The court,

[3] After Jesse Weissberg died on July 6, 1996, Gloria Weissberg and Markovitz were appointed executors of his estate.

[4] General Statutes § 49-14 (a) provides: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. Such motion shall be placed on the short calendar for an evidentiary hearing. Such hearing shall be held not less than fifteen days following the filing of the motion, except as the court may otherwise order. At such hearing the court shall hear the evidence, establish a valuation for the mortgaged property and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiff's claim. The plaintiff in any further action upon the debt, note or obligation, shall recover only the amount of such judgment."

This court has noted that "[a] deficiency proceeding has a very limited purpose. . . . [T]he court, after hearing the party's appraisers, determines the value of the property and calculates any deficiency. This deficiency judgment procedure presumes the amount of the debt as established by the foreclosure judgment and merely provides for a hearing on the value of the property. . . . The deficiency hearing concerns the fair market value of the

*Stodolink, J.,* sustained the defendants' objection to the motion, concluding that Westmark was not obligated to pay a deficiency judgment under the terms of the note and that the guarantors also were not obligated to do so because they were required to satisfy only the obligations of the borrower, Westmark. The plaintiff appealed from that decision to this court. *Regency Savings Bank* v. *Westmark Partners,* 59 Conn. App. 160, 756 A.2d 299 (2000). We reversed the trial court's judgment and noted that by agreeing to guarantee the note, the defendant guarantors specifically limited the amount of their liability and that their guarantee allowed the property to be conveyed to Westmark without acceleration of the note. We concluded that the guarantors should not be allowed to escape the risk of their bargain while receiving the benefit thereof. Id., 167.

On remand, the court, *Hiller, J.,* noted that the terms of the guarantee limited the liability of the defendant guarantors to "an amount equal to the cumulative total of the last twelve (12) monthly installments of principal and interest due on the loan prior to the lender's acceleration thereof." The court calculated that amount to be $369,000. The defendants claim that the court improperly rendered a deficiency judgment pursuant to § 49-14 and that it improperly interpreted the terms of the limited guarantee as to the amount of liability.

We afford the issues before us, involving both statutory and contract interpretation, plenary review. "Statu-

subject property as of the date title vests in the foreclosing plaintiff under § 49-14." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Weinstein,* 52 Conn. App. 348, 352, 727 A.2d 720 (1999). At the time of the foreclosure judgment, the court found that the mortgage debt was $3,573,731.83 and that the subject property carried a value of $2.3 million. *Regency Savings Bank* v. *Westmark Partners,* 59 Conn. App. 160, 162, 756 A.2d 299 (2000). The plaintiff claims an actual deficiency of $1,141,362.06. The defendants argue that the deficiency is $1,273,731.83.

tory construction . . . presents a question of law over which our review is plenary. . . . According to our long-standing principles of statutory construction, our fundamental objective is to ascertain and give effect to the intent of the legislature. . . . In determining the intent of a statute, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter." (Internal quotation marks omitted.) *King* v. *Sultar*, 253 Conn. 429, 437–38, 754 A.2d 782 (2000). "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) *King* v. *Board of Education*, 203 Conn. 324, 332–33, 524 A.2d 1131 (1987).

At the outset, we note the well settled principles of contract interpretation. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. . . . When only one interpretation of a contract is possible, the court need not look outside the four corners of the contract." (Internal quotation marks omitted.) *Bentz* v. *Halsey*, 54 Conn. App. 609, 616, 736 A.2d 931 (1999). On the other hand, "[w]hen an ambiguous term is at issue, the trial court can examine the extrinsic evidence to resolve the question of the parties' intent." (Internal quotation marks omitted.) *Larson* v. *Jacobson*, 38 Conn. App. 186, 190, 659 A.2d 753 (1995). Because we find definitive contract language, leaving no room for interpretation, our review of the court's interpretation of the relevant contract language at issue in this dispute is plenary. See *Days*

*Inn of America, Inc.* v. *161 Hotel Group, Inc.*, 55 Conn. App. 118, 124, 739 A.2d 280 (1999).

I

The defendants first claim that the plaintiff is not entitled to a deficiency judgment pursuant to § 49-14. They argue that the court lacked the authority to render a deficiency judgment under the guarantee because the amount that the plaintiff claims actually is due under the guarantee is less than the actual deficiency. We disagree.

Essentially, the defendants argue that § 49-14 sets forth a clear method by which to determine the amount of liability in a deficiency judgment. The defendants argue that because the guarantee limited their liability under a different formula, the different and lesser amount of liability prescribed by the guarantee cannot be awarded as a deficiency judgment. They posit that "[t]he only deficiency judgment remedy available to a plaintiff is under § 49-14. The legislature did not intend that the amount of the judgment could be based on the agreement of the parties or as otherwise found by the court. The statute does not give the court any discretion nor does any case law."

Our duty to construe § 49-14 strictly does not preclude its application where, as here, a foreclosing mortgagee has complied with the statute's provisions and seeks to recover by means of a deficiency judgment against a guarantor who is obligated pursuant to a limited guarantee, even where the amount recoverable under that limited guarantee is less than the amount of the actual deficiency. In two prior decisions, this court has upheld deficiency judgments, in amounts agreed to by the parties by virtue of a contractual limitation on a guarantor's liability, despite the fact that the amounts were less than the awards that would have been awarded by operation of the statute. *New England Sav-*

*ings Bank* v. *FTN Properties Ltd. Partnership*, 32 Conn. App. 143, 628 A.2d 30 (1993); *People's Bank* v. *Moscowitz*, 31 Conn. App. 266, 624 A.2d 907, cert. denied, 226 Conn. 915, 628 A.2d 987 (1993). Under the present circumstances, our interpretation of § 49-14 permits the statute to achieve a reasonable and rational result, one that is not disallowed by the statute's plain language. The plaintiff's legal right to seek a deficiency judgment against the defendant guarantors coexisted with its clear contractual right to enforce the guarantee once payment on the note had ceased. We see no reason to interpret § 49-14 so as to preclude recovery of some or all of a plaintiff's entitlement to relief under that section just because a defendant has limited his or her liability by means of a limited guarantee.

The court properly concluded that the plaintiff was entitled to a deficiency judgment in accordance with the terms set forth in the guarantee.

II

The defendants next argue that even if the plaintiff is entitled to a deficiency judgment, the court improperly calculated the amount of their liability under the terms of the limited guarantee. We disagree.

The relevant provision in the guarantee states: "Notwithstanding any other provision contained in this Guaranty, the Guarantor's guaranty hereunder shall be limited to an amount equal to the cumulative total of the last twelve (12) monthly installments of the principal and interest due on the Loan prior to the Lender's acceleration thereof." The defendants claim that the word "due" in the guarantee limits the plaintiff's recovery to the amount in arrears at the time of acceleration.[5] The court was not persuaded by that argument and

---

[5] According to their interpretation of the provision, the defendants would be liable for three unpaid installments.

concluded that "[a]lthough it is true that 'due' can mean unpaid, in the context of this agreement, 'due' is used in a formula to describe the total amount of payments there were owing, paid or unpaid, in the one year period before acceleration. This language defines by a formula a limit to damages, subject to fluctuations in the interest rate, and does not provide for recoupment of unpaid installments." We agree.

The use of the word "cumulative" and the phrase "prior to the Lender's acceleration" in the guarantee can be interpreted only as meaning that all twelve immediately preceding installments are to be used in calculating the deficiency. Because the note called for an adjustable interest rate and monthly payments to be recalculated according to that adjusted rate, the guarantors' limited liability had to be set by means of a formula and could not be satisfied by a specific amount. The cumulative amount of any single year's payment could not be determined in advance. Although the word "due" might, at first glance, appear to mean "unpaid" or "owing," in the context of its use within the sentence, as part of a formula, it does not refer to arrearages at the time of acceleration. Accordingly, we conclude that the court properly calculated liability in accordance with the formula set forth in the guarantee.

The form of the judgment is improper,[6] the judgment is reversed and the case is remanded with direction to render judgment jointly and severally against the defendant guarantors.

In this opinion the other judges concurred.

---

[6] See footnote 2.