[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
The defendant, Johnson Control World Services Inc. ("JCWS"), has moved for summary judgment on the Sixth Count of the Plaintiff's Amended Complaint. The Plaintiff had brought an action against ten defendants for personal injury due to a fall. of the ten, only Count Six pertains to the defendant JCWS. The plaintiff alleges that while walking back to work during her lunch period, she was confronted with a delivery truck which blocked her path. The truck was across the sidewalk perpendicular to the road backed into a garage entrance but the door was not working properly and the truck was unable to go all the way in and was parked so that it was blocking the sidewalk and into the street. She alleges that the mechanical garage door which blocked the entrance of the truck had been jammed since the morning. The owner of the building was Pearl Street Associates. The plaintiff claims that as she proceeded to walk to the rear of the truck to inquire as to how she might get past same, she fell on a wet grate and was injured. JCWS had a service contract with the owner, Pearl Street Associates.
The defendant maintains that it is not liable because it had no responsibility for or control over the alleged defect prior to or at the time of plaintiff's claimed injuries. The defendant JCWS admits that it had a "Property Operation and Maintenance Agreement" with Pearl Street Associates Limited Partnership for the subject property and it has submitted a copy of this agreement. It admits that under the agreement, it was responsible for certain aspects of heating, ventilation, air conditioning, electrical supply, locks and other interior maintenance CT Page 12494 issues at the subject property, but that it had no responsibility for the installation, maintenance or repair of the garage door involved in this lawsuit or provided such installation, maintenance or repair. It submitted an affidavit of Gary Hall, Chief Engineer for JCWS at 100 Pearl Street, Hartford, Connecticut.
The plaintiff maintains that the affidavit of Gary Hall is based upon pure hearsay and cites that the correct interpretation of the contract clearly states that JCWS was responsible for the maintenance of the garage door. She cites certain portions of the contract, particularly that portion which states that the contractor shall render certain services and among those services the contract states: "Operate and maintain the systems and facilities, furnish all personnel, perform routine and nonroutine maintenance and repairs, replacements and modifications required from time to time for the permanent, continuous operation of the systems and facilities." In another paragraph it states: "Operate the systems and facilities on a continuous basis at maximum practicable efficiency, the system with owner's service requirements. . . ." In a third paragraph it states "`Systems and Facilities' as used in this agreement shall mean all mechanical, electrical and related equipment, systems and facilities for the operation, maintenance, repair and replacement of which owner is responsible. . . ." The above quote goes on to state "including but not limited to" and lists a number of operations, none of which specifically mentions a garage door, but then goes on to state: "Such other mechanical and electrical equipment and facilities operated by owner as may be used from time to time on the property during the term of this agreement."
Plaintiff further maintains that summary judgment is inappropriate in the case here because a genuine factual issue as to the intent of the parties in entering into a contract is presented.
In the opinion of this Court, the intention of the parties with respect to the contract would not present a question of fact sufficient to deny a motion for the summary judgement in and of itself. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact, where there is definitive contract language, determination of what the parties intended by their contractual commitments is a question of law." Regency Savings Bank v. WestmarkPartners, 70 Conn. App. 341 (2002). "If a contract contains definitive language, the determination of what the parties intended by their commitment is a question of law." Gatesway Company v. DiNoia,232 Conn. 223, 229-30 (1995). According the Ballentine's Law Dictionary, 3rd Ed., "definitive" is defined as "complete and accurate, final (conclusive)". Webster's Dictionary defines "definitive" as "something CT Page 12495 that decides or settles in a final way, decisive, conclusive."
The Court finds that there is definitive contract language in the agreement, leaving no room for interpretation. In the opinion of the Court, according to the contract, the defendant would as a matter of law be liable for the maintenance of the garage door.
This conclusion, however, does not determine the answer to the motion for summary judgment since, in the opinion of the Court, the defendant would have been liable for the maintenance of the garage door. However, this still leaves open several questions of fact for the jury such as: Was the door in need of maintenance? Had the defendant failed in its duty to maintain the door? If so, did the defendant owe a duty to the plaintiff? If so, and it failed in that duty, was that the proximate cause of the plaintiffs injuries?
The motion for summary judgment is denied.
Hale, JTR CT Page 12496