38013.  HAMMOND *v.* SOUTHERN COTTON OIL COMPANY.
38014.  SOUTHERN COTTON OIL COMPANY *v.* HAMMOND.

DECIDED JANUARY 27, 1960—REHEARING DENIED
MARCH 29, 1960.

*Ronald F. Chance, James Maddox,* for plaintiff in error.

*J. Beverly Langford, Matthews, Maddox, Walton & Smith, Oscar M. Smith,* contra.

FELTON, Chief Judge. "The contract of suretyship is one whereby a person obligates himself to pay the debt of another in consideration of credit or indulgence, or other benefit given to his principal, the principal remaining bound therefor. It differs from a guaranty in this, that the consideration of the latter is a benefit flowing to the guarantor." Code § 103-101. The en-

dorsements of Hammond quoted above prima facie import a contract of guaranty. *Hammond* v. *Southern Cotton Oil Co.*, 89 *Ga. App.* 79 (1), supra. If the uncontradicted evidence discloses a benefit flowing to Hammond, his status as a guarantor is conclusively established and he is entitled to a judgment notwithstanding the mistrial, since a guarantor can not be sued in the same action as a codefendant with the principal debtor. *Pelham* v. *W. T. Rawleigh Co.*, 33 *Ga. App.* 356 (1) (126 S. E. 302).

It appears from the evidence that Hammond was the owner of certain cotton gin properties which he wished to sell; that Miller was a prospective purchaser; that Hammond and Miller discussed the proposed sale with J. S. Tedford, who was the plaintiff's local manager at the time and that Tedford attempted to arrange a loan by Southern to Miller to be used in payment of the purchase price. According to Hammond's testimony, Tedford "said that he thought he could get the loan through if I would endorse the first two notes of $2,000 each; at a later date he said that he couldn't get it done, that he could get the loan for Miller if I would endorse all of the notes." On Hammond's endorsement of the five notes as shown above, Southern issued its check for $10,000 to Miller, who immediately endorsed it to Hammond in payment of the purchase price. There is no conflict in this evidence and it plainly indicates that in return for his endorsement of the notes, Hammond was able to consummate the sale of his cotton gin properties for cash at the agreed sale price. A substantial benefit has therefore flowed to Hammond, and his endorsement whereby he obligated himself to pay the debt of another in consideration of a benefit flowing to himself renders him a guarantor and not a surety or accommodation endorser. Our ruling here is not in conflict with that in *Southern Cotton Oil Co.* v. *Hammond*, 92 *Ga. App.* 11 (1), supra, indicating that "no independent consideration flowed to such endorser" (Hammond), since that decision dealt solely with the sufficiency of the plaintiff's petition on demurrer, and the facts which render Hammond a guarantor were not alleged in the petition, such issue being raised in his amended answer.

The court did not err in denying Southern's motion for a judgment notwithstanding the mistrial. However, the similar motion by defendant Hammond should have been granted for

the reasons stated above, and the judgment denying such motion must be reversed.

*Judgment in case No. 38013 reversed with direction that the court enter judgment in accordance with the motion. Judgment in case No. 38014 affirmed. Quillian and Nichols, JJ., concur.*