### 51932. GRAYBAR ELECTRIC COMPANY, INC. v. OPP et al.

Marshall, Judge.

The issue presented by this appeal is whether a creditor who obtains a default judgment against his debtor on open account must prove damages under CPA § 55 (a) when he simultaneously obtains a default judgment against the debtor's guarantor.

Graybar, the creditor, sold Opp Electric Company, the debtor, various electrical supplies and equipment on open account. Orville and Jo Ann Opp, the guarantors, signed a "General Continuing Guaranty" wherein they guaranteed to Graybar the "prompt payment in full when due of all present and future indebtedness on account" of Opp Electric for goods supplied by Graybar to Opp Electric. The guarantors' liability was unlimited and was not "in consideration of or contingent upon the liability of any other person." The guaranty further provided that upon default of the debtor the creditor could "proceed directly and at once . . . against the undersigned [guarantors] . . . without proceeding against the Debtor or any other person . . ." There was also a provision for the payment of attorney fees by guarantors for enforcement of the guaranty contract. One of the admitted purposes of the guaranty was to induce the creditor Graybar to extend credit on account to the debtor, Opp Electric.

Suit was brought in Fulton County by the creditor against the guarantors and the debtor seeking joint liability of an alleged amount due on the account of $44,088.38. The complaint also sought attorney fees in the amount of $4,433.84. The guarantors were residents

of Fulton County; the debtor was a resident of DeKalb County.

Neither the debtor nor the guarantors answered the complaint within the time allowed. Thereafter, the creditor obtained a default judgment against them jointly and severally *without the presentation of evidence of damages* under CPA § 55 (a). The debtor and guarantors then separately moved to set aside the judgment under CPA § 60 (d) on the ground that these defects appeared on the face of the record: as to the personal guarantors, the creditor's complaint was *not* a suit on open account, which does not require proof of damages under CPA § 55 (a), but was actually a suit on a guaranty contract and therefore required proof of damages; as to the debtor, since there could be no default judgment as to damages against the resident defendants, the judgment as to it was also void for lack of jurisdiction over a nonresident.

The trial judge granted the motion and set aside the default judgments against both the debtor and the guarantors and allowed both to file defensive pleadings. He also granted a certificate for immediate review, as did this court. *Held:*

1. " 'A contract of guaranty exists where one lends his credit for the benefit of another, but under an obligation which is separate and distinct from that of the principal debtor, and where he renders himself secondarily or collaterally liable on account of any inability of the principal to perform his own contract.' " *Arkansas Fuel Oil Co. v. Young,* 66 Ga. App. 33, 35 (16 SE2d 909). Consequently the guarantor cannot be sued jointly as a co-defendant with the debtor unless the debtor is shown to be insolvent. *Hammond v. Southern Cotton Oil Co.,* 101 Ga. App. 3,68 (114 SE2d 54); *Pelham v. W. T. Rawleigh Co.,* 33 Ga. App. 356 (1) (126 SE 302). However the guaranty instrument here specifically provides that suit may be brought directly against the guarantors "without . . . having to proceed against the. . . debtor." See *General Finance Corp. v. Welborn,* 98 Ga. App. 280, 285 (105 SE2d 386). This clause had the effect, insofar as bringing suit is concerned, of subjecting the guarantors to suit jointly with the debtors and giving the court jurisdiction over the resident and nonresident defendants

when suit was brought in the county (Fulton) of one of the defendants (the Opps). *Byrd v. Moore Ford Co.,* 116 Ga. App. 292 (2) (157 SE2d 41). At that point the trial court had the power to determine the liability of all defendants and it exercised the power in entering default judgment against all defendants. We must therefore conclude that the trial court erred in setting aside the judgment on the claim against the debtor, Opp Electric, in the full amount, plus attorney fees, because that claim was based on an open account and was therefore one for liquidated damages and comes under the exemption from proof of damages under CPA § 55 (a).

2. However as to the guarantors, the claim is not one of open account but is a suit on the guaranty contract, and therefore cannot be considered one for liquidated damages.

The guaranty contract is a separate obligation from the open account. The importance of the distinction is pointed out in *Escambia Chemical Corp. v. Rocker,* 124 Ga. App. 434 (2) (184 SE2d 31), where this court held that the liability of the guarantor and the amount of damages is not established automatically upon proof of liability of the debtor. Instead, the court adopted the Restatement rule that upon proof of judgment against the debtor by the creditor, a rebuttable presumption arises of the debtor's liability to the creditor. Id. p. 437. The court also extended the rule to judgments obtained against the debtor *by default.* Id. pp. 439-440. The court held that the guarantor "may challenge the debtor's liability or the amount thereof . . . with the qualifications that in doing so no defense may be interposed which would not have been available to the debtors if it had been timely presented, and that those defenses which are personal to the debtors may not, in any event, be raised, such as, for example, that the debt is barred by the statute of limitation, or that the debtor has been discharged in bankruptcy, or that the debtor is or was a minor when the debt was contracted, or where the debtor is a corporation that the contract under which the indebtedness arose was ultra vires, etc. The very nature and purpose of a guaranty contract proscribes the allowance of defenses which are personal to the debtor." Id. p. 440.

Nevertheless the guarantors failed to timely answer the complaint and, in so doing, failed to rebut the presumption of their debtor's liability. Therefore, as to *their liability* under the guaranty contract the default judgment was properly entered against them. To rule otherwise would mean that default judgment could never be entered against a guarantor. It was therefore error to set aside the default judgment against the guarantors and to allow defensive pleadings to be filed contesting their liability.

However, as to the amount of damages, the creditor is still required under CPA § 55 (a) to offer evidence of the amount thereof, because the suit on the guaranty contract is not one for liquidated damages. This defect (failure of proof of damages) appears on the face of the record and was a proper ground for setting aside the judgment under CPA § 60 (d). Therefore, as to the individual guarantors, Orville and Jo Ann Opp, the trial court properly set aside the default judgment against them insofar as the amount of damages entered therein. The case is remanded for a hearing as to the amount of damages owed by the Opps under the guaranty contract in accordance with the principles set forth herein.

*Judgment affirmed in part, reversed in part and remanded with instructions. Pannell, P. J., concurs. Evans, J., concurs in the judgment only.*

ARGUED MARCH 1, 1976 — DECIDED APRIL 9, 1976 — REHEARING DENIED APRIL 23, 1976 — ▮

*Greene, Buckley, DeRieux & Jones, C. Richard McQueen, James R. Kelley,* for appellant.
*Gerstein, Carter & Chesnut, J. David Chesnut, Michael King,* for appellees.