S91A1269. COOK v. COLQUITT COUNTY BOARD OF
EDUCATION et al.
(412 SE2d 828)

HUNT, Justice.

We granted this application for interlocutory appeal to determine the propriety of the trial court's dismissal of the complaint against defendant Colquitt County Board of Education (Board). The trial court granted the Board's motion to dismiss on the ground that it is not a legal entity subject to suit.

In a long line of cases, we, and the Court of Appeals, have held that a county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued. See, e.g., *Smith v. Maynard*, 214 Ga. 764, 769 (2) (107 SE2d 815) (1959); *Parker v. Bd. of Ed. of Sumter County*, 209 Ga. 5 (2) (70 SE2d 369) (1952); *Foster v. Cobb County Bd. of Ed.*, 133 Ga. App. 768 (213 SE2d 38) (1975). The only exception to this rule, not applicable here, is where the legislature creates a school board by an act which gives that board the capacity to sue or be sued. *Morman v. Board of Ed. of Richmond County*, 218 Ga. 48, 49 (1) (126 SE2d 217) (1962).

The plaintiffs contend that the foregoing rule was changed by the adoption of the Constitution of Georgia of 1983, Art. I, Sec. II, Par. IX, which provides, in part, that

> [s]overeign immunity extends to the state and all of its departments and agencies. However, the defense of sovereign immunity is waived as to . . . those actions for the recovery of damages for any claim against the state or any of its departments and agencies for which liability insurance protection for such claims has been provided but only to the extent of

any liability insurance provided.

They argue that under our holding in *Thigpen v. McDuffie County Bd. of Ed.*, 255 Ga. 59 (335 SE2d 112) (1985), interpreting this constitutional provision, a school board is now a legal entity with the capacity to sue and be sued. We disagree.

In *Thigpen*, citing *Toombs County v. O'Neal*, 254 Ga. 390 (330 SE2d 95) (1985) for the proposition that a county is included within the definition of "the state and any of its departments and agencies" in the above-cited constitutional provision, we held that the defendant McDuffie County Board of Education likewise was included in that provision. However, as noted by the trial court in this case, in *Thigpen* we did not address the issue presented here. Article I, Sec. II, Par. IX of the Constitution of Georgia of 1983, and its 1990 amendment, neither create any new entities or bodies corporate, nor destroy any old ones. Rather, the constitutional provision concerns sovereign immunity and the waiver thereof for the state and its subparts which are otherwise subject to suit.

Accordingly, the trial court properly dismissed the complaint against the school board under the rule that school boards are not legal entities unless so authorized by legislative act.

*Judgment affirmed. Bell, Benham and Fletcher, JJ., concur; Clarke, C. J., and Weltner, P. J., dissent.*

DECIDED FEBRUARY 6, 1992.

*Neal Weinberg,* for appellant.
*Whelchel, Whelchel & Carlton, James C. Whelchel,* for appellees.