A99A1013. TIDWELL et al. v. COWETA COUNTY BOARD OF EDUCATION.
(521 SE2d 889)

MILLER, Judge.

Bobby and Lillie Tidwell sued the Coweta County Board of Education for the wrongful death and suffering of their developmentally disabled son, who died from injuries caused when he jumped or fell from a moving school bus through the back emergency door exit. The Board moved for summary judgment on four grounds: (i) no negligence was shown; (ii) immunity barred the claims; (iii) the Board was not a corporate entity and could not be sued; and (iv) the statute of limitation had run. Ignoring the latter two grounds, the Tidwells in their brief responded only to the immunity and negligence arguments. Regarding the corporate entity argument, they simply filed an amendment to their complaint claiming that the identification of the defendant as the Board was a misnomer, and that the defendant should be identified as the Coweta County School System. The court referred to the amendment as an attempt to add or substitute a party that required leave of court (see OCGA § 9-11-21) and entered summary judgment in favor of the Board.

1. On appeal, the Tidwells once again ignore the "capacity to be sued" and statute of limitation grounds and enumerate as error only the trial court's adverse findings on the negligence and immunity grounds. Either of the unenumerated grounds could independently serve as an alternative basis for summary judgment or dismissal. Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. *Jones v. First Nat. Bank of Atlanta,* 147 Ga. App. 441 (248 SE2d 154) (1978); see *Rider v. State,* 226 Ga. 14, 15 (2) (172 SE2d 318) (1970); *Norman v. State,* 197 Ga. App. 333, 336 (4) (398 SE2d 395) (1990). An appellant's failure to attack alternative bases for summary judgment

results in the affirmance of that judgment. *Jones v. Lamon*, 206 Ga. App. 842, 847 (2) (426 SE2d 657) (1992).

2. Even if the Tidwells had enumerated the "capacity to be sued" ground as error, the merits would be against them. "[A] county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued. [Cits.]" *Cook v. Colquitt County Bd. of Ed.*, 261 Ga. 841 (412 SE2d 828) (1992); see *Hicks v. Walker County School Dist.*, 172 Ga. App. 428, 429 (2) (323 SE2d 231) (1984). Only if the legislature in creating the Board expressly gave it the power to sue or be sued is there an exception. *Cook*, supra. The enabling act here did not. See Ga. L. 1968, pp. 1452-1466, § 1.

The Tidwells' last-minute attempt to substitute the school district as the defendant does not affect this analysis. Because they do not enumerate or argue as error the trial court's implicit holding that this attempt to substitute or add a party required leave of court and was therefore ineffectual, they have also waived appellate review of this matter. *Pascoe Steel Corp. v. Turner County Bd. of Ed.*, 139 Ga. App. 87, 90 (4) (227 SE2d 887) (1976).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 30, 1999 —
RECONSIDERATION DENIED SEPTEMBER 15, 1999.

*Hinton & Powell, Andrew J. Hinton, Jr., Debra Haan*, for appellants.

*Rosenzweig, Jones & MacNabb, Joseph P. MacNabb, Chambers, Mabry, McClelland & Brooks, James T. Budd, E. Wycliffe Orr, Kristine E. Orr*, for appellee.