A03A0658. MITCHELL v. GILWIL GROUP, INC.
(583 SE2d 911)

BARNES, Judge.

Edwin Mitchell appeals from the trial court's entry of default judgment against him and in favor of the GilWil Group, Inc. for $154,538.12, including $33,493.20 in prejudgment interest. Mitchell argues that the trial court erred in denying his motion to dismiss because he was not subject to personal jurisdiction, erred in entering

a judgment on damages without an evidentiary hearing, and erred in awarding prejudgment interest.

1. On appeal, "[t]he sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." (Punctuation omitted.) *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997). Further, under OCGA § 9-11-55 (a), "a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery." (Citation and punctuation omitted.) *Conseco Finance Servicing Corp. v. Hill*, 252 Ga. App. 774, 776-777 (2) (556 SE2d 468) (2001).

Here, the allegations in GilWil's complaint were sufficient to prove that Delta Communications, Inc., a Mississippi corporation, was a subcontractor on a Fulton County project and subcontracted certain information technology services to be preformed by GilWil. The contract was signed on November 8, 1999, by Mitchell in Fulton County, Georgia, and GilWil presented Delta with a final invoice on December 30, 1999. GilWil filed the underlying action against Delta and its president Mitchell, a Mississippi resident, in Fulton Superior Court on January 9, 2001, for breach of contract, unjust enrichment, quantum meruit, promissory estoppel, and negligent representation, seeking $120,215 for payment for the goods and services it provided to the defendants. The complaint further establishes that Mitchell told GilWil that it would be compensated for services that it provided to Delta for the benefit of the contract, that Mitchell should have known that these representations were false, and that GilWil relied on these representations to its detriment. GilWil, however, was not paid for these services.

Mitchell was personally served on January 29, 2001, but did not file an answer within 30 days. On July 17, 2001, GilWil filed a motion to enter default judgment against Delta Communications. Although neither Mitchell nor Delta responded to the motion, the trial court denied the motion on September 12, 2001, because the court found that the record did not contain evidence that Delta was served with process.

On December 3, 2001, Mitchell filed a motion to open default which the court denied on May 30, 2002. Mitchell's subsequent motion for reconsideration was denied and default judgment was entered against Mitchell on September 17, 2002. GilWil's complaint against Delta was dismissed without prejudice on November 1, 2002.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. . . . Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default.

(Punctuation and emphasis omitted.) *Stewart,* supra, 229 Ga. App. at 121 (2).

Mitchell does not argue that the statutory requirements of OCGA § 9-11-55 (b) were met, but only asserts that the court lacked personal jurisdiction over him as a defense. He claims that no evidence shows that he conducted business in a personal capacity in Georgia. Mitchell, however, had the burden of proving that the trial court lacked personal jurisdiction. *HTL Sp. Z O.O. v. Nissho Corp.,* 245 Ga. App. 625, 626 (538 SE2d 525) (2000).

Although it is true that Mitchell asserted improper venue and jurisdiction when he made a limited appearance and answered, his response was not filed within 30 days of the service of the complaint and summons and Mitchell did not move to dismiss the complaint at that time. Almost eight months later, when Mitchell filed his motion to open the default, he offered no evidence to support his earlier assertion that the court did not have personal jurisdiction. In his accompanying affidavit, Mitchell merely alluded to the issue of personal jurisdiction and simply averred that at the time he answered and made a special appearance, "there existed in my mind at the time some confusion as to what capacity I was served." Accordingly, by failing to properly raise the issue of lack of personal jurisdiction, Mitchell waived this defense. See *Burnette v. McCarter,* 211 Ga. App. 781, 782 (1) (440 SE2d 488) (1994).

Even if the issue of personal jurisdiction were not waived, it is without merit. In addition to the breach of contract allegation, the complaint also alleges that Mitchell personally and in Georgia made negligent misrepresentations to GilWil. Pretermitting the validity of Mitchell's argument, that because the actions he took in Georgia were on behalf of Delta, he did not personally transact business in this State, this argument has no application to the tort allegations because " '[a]n officer of a corporation who takes part in the commission of a tort by the corporation is personally liable' " for that tort. *Jennings v. Smith,* 226 Ga. App. 765, 766 (1) (487 SE2d 362) (1997).

Consequently, the allegations regarding Mitchell's personal misrepresentations in Georgia are sufficient to vest the trial court with jurisdiction. OCGA § 9-10-91 (2) (a court of this state may exercise personal jurisdiction over any nonresident who commits a tortious act or omission within this state). Thus, because Mitchell did not show that the court lacked personal jurisdiction and he has presented no evidence that the conditions of OCGA § 9-11-55 were met, the trial court did not err by denying the motion to open default. *Stewart*, supra, 229 Ga. App. at 122 (2).

2. In two related enumerations, Mitchell argues that GilWil did not state a claim for liquidated damages, so the trial court erred by not holding an evidentiary hearing to determine damages, and also argues that GilWil was not entitled to prejudgment interest on unliquidated damages.

As stated above, Mitchell is in default because he failed to file an answer. See OCGA §§ 9-11-12 (a); 9-11-55 (a); *Cato Oil &c. Co. v. Lewis*, 250 Ga. 24, 25 (2) (295 SE2d 527) (1982). Because of the default, Mitchell has admitted GilWil's allegations concerning his liability. *Azarat Marketing Group v. Dept. of Admin. Affairs*, 245 Ga. App. 256, 257 (1) (b) (537 SE2d 99) (2000). Under OCGA § 7-4-15, damages are liquidated when they are "an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by the proof; it is so much or nothing." (Punctuation and footnote omitted.) *Carter v. Ravenwood Dev. Co.*, 249 Ga. App. 603, 605 (2) (549 SE2d 402) (2001). "On a motion for default judgment, the amount of damages must be ascertainable from the pleadings." *T.A.I. Computer v. CLN Enterprises*, 237 Ga. App. 646, 647 (1) (a) (516 SE2d 340) (1999).

Here, while the complaint alleged that GilWil was entitled to $120,215 for goods and services and that GilWil had expended 837 man hours at a rate of $195 per hour, the complaint also alleged that, at some point in the contractual period, GilWil actually invoiced Mitchell at the rate of only $110 per hour for 760 man hours. The contract did not stipulate the rate per hour nor how many hours would be expended. The only contract clause regarding payment was that "Without a statement of work it is not possible to provide a fixed cost or estimate but based upon our actual labor and the services required we will invoice Delta Communications Group, Inc. on NET term." But the invoices from which the amount of damage was derived were not attached to the complaint and incorporated therein. "Thus [GilWil] did not establish with certainty the amount of the obligation as the law requires." *T.A.I. Computer*, supra, 237 Ga. App. at 647 (1) (a).

The fact of the default alone did not convert the damages into a liquidated claim. The conclusory allegations of the amount owed were not sufficient to render the damages liquidated. Otherwise every case where a specific amount is stated in the complaint as due and owing would be turned into a liquidated amount by the default, and the Code section's provision for trial as to damages involving unliquidated amounts in contract cases would rarely if ever occur. Accordingly, the trial court's determination that the damages alleged were liquidated was erroneous.

Id. at 647-648. Moreover, the negligent misrepresentation claims are ex delicto, and a hearing on damages from tort claims is required. OCGA § 9-11-55 (a). Thus, this case is remanded for a determination of the amount of damages by the trial court.

*Judgment affirmed in part and reversed in part and case remanded. Andrews, P. J., and Adams, J., concur.*

DECIDED JUNE 24, 2003.

*Albert A. Mitchell, James E. Kee,* for appellant.
*Foltz Martin, Michael D. Robl,* for appellee.