## A04A0888. McCORVEY GRADING & PIPELINE, INC. et al.
## v. BLALOCK OIL COMPANY.

(602 SE2d 842)

RUFFIN, Presiding Judge.

Blalock Oil Company ("Blalock") sued McCorvey Grading & Pipeline, Inc. ("McCorvey Grading") and Michael McCorvey, as guarantor, for sums owed on an open account. After both defendants failed to answer the complaint, the trial court entered a default judgment for Blalock against them. McCorvey Grading and McCorvey appeal, asserting that the trial court erred in granting default judgment against McCorvey without requiring proof of damages. We agree and reverse.

Blalock's complaint alleges that the "[d]efendants [are] indebted to [Blalock] in the sum of $12,663.05 principal, plus interest, on an account, as shown with particularity by the documentation attached hereto as Exhibits 'A' and 'B.' " Blalock attached to its complaint an invoice detailing the principal amount due, a credit agreement executed by McCorvey Grading, and a personal guaranty allegedly signed by McCorvey, the president of McCorvey Grading. Neither McCorvey nor his company answered the complaint, and the trial court entered a default judgment against both defendants in the amount of "$12,663.05 principal, plus accrued interest of $1,473.76, plus attorneys fees pursuant to OCGA § 13-1-11 in the amount of $1,361.24, plus court costs, plus post-judgment interest at the legal rate of 12% per annum from the date of [the] judgment."

On appeal, McCorvey and his company do not challenge the entry of default judgment as to McCorvey Grading. They claim only that the trial court erred in entering judgment against McCorvey individually, as guarantor.

OCGA § 9-11-55 (a) provides, in relevant part, that

[i]f [a] case is still in default after the expiration of [a] period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence . . . unless the action . . . involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages and the right of either to move for a new trial in respect of such damages. . . . An action

based upon open account shall not be considered one for unliquidated damages.

Blalock brought suit on an open account. McCorvey Grading and McCorvey argue, however, that "McCorvey's alleged liability to Blalock is not 'on account' but rather on the basis of a purported personal guaranty." They further argue that, since a claim arising from a guaranty is not one for liquidated damages, we must vacate the default judgment against McCorvey and remand for a hearing on damages.

Under Georgia law, a guarantor is jointly and severally liable with its principal for the guaranteed debt.[1] Nevertheless, "[a] guarantor is not conclusively bound by a judgment or amount admitted due by his principal. Such amount is only prima facie evidence of liability to the creditor."[2] And the guarantor may present evidence rebutting the correctness of the amount.[3] Citing these principles, we found in *Graybar Elec. Co. v. Opp*[4] that a suit on a guaranty contract is not one for liquidated damages.

Pretermitting whether *Graybar*, which is only a physical precedent and not binding on this Court,[5] correctly determined that a claim based on a guaranty *never* involves liquidated damages,[6] the claim in this case is not liquidated. In its complaint, Blalock characterized McCorvey as "[g]uarantor" for McCorvey Grading and asserted that both defendants are liable to Blalock pursuant to the invoice, credit agreement, and personal guaranty attached to the complaint. By way of default, McCorvey admitted such material allegations, including his liability as a guarantor.[7] Those admissions, however, do not extend to allegations regarding the amount of damages.[8] As we have found, " 'a defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of damages alleged.' "[9]

---

[1] See OCGA § 10-7-1.

[2] (Citation and punctuation omitted.) *Upshaw v. Southern Wholesale Flooring Co.*, 197 Ga. App. 511, 514 (5) (398 SE2d 749) (1990).

[3] See id.; *Escambia Chem. Corp. v Rocker*, 124 Ga. App. 434, 440 (2) (184 SE2d 31) (1971).

[4] 138 Ga. App. 456, 458-459 (2) (226 SE2d 271) (1976) (physical precedent only).

[5] See Court of Appeals Rule 33 (a).

[6] Compare *Consulting Constr. Corp. v. Edwards*, 207 Ga. App. 296, 299 (3) (427 SE2d 789) (1993) (finding, in the context of prejudgment interest recoverable on liquidated demands, that the amount due on a personal guaranty was ascertainable under the terms of the instrument and, thus, liquidated).

[7] See OCGA § 9-11-55 (a); *Mitchell v. Gilwil Group, Inc.*, 261 Ga. App. 882, 883 (1) (583 SE2d 911) (2003); *Roberson v. Gnann*, 235 Ga. App. 112, 113 (1) (508 SE2d 480) (1998); *Graybar Elec. Co.*, supra at 459.

[8] See *Mitchell*, supra.

[9] Id.

Furthermore, we cannot agree with Blalock that the documents attached to its complaint clearly establish the amount owed under the guaranty. Blalock contends, for example, that it is owed accrued interest on the principal amount of the debt, and the trial court's default judgment against McCorvey includes $1,473.76 in such interest. But the documents submitted by Blalock do not provide for accrued interest on the debt. The credit agreement only references "[a] late payment charge of 1% per month [that] may be applied on all invoices 30 days past due." We do not know whether the request for accrued interest relates to this late charge or some other provision, and we are uncertain as to how Blalock calculated the accrued interest figure.

We recognize that McCorvey Grading has not challenged the default judgment entered against it, which includes the accrued interest award. Liquidated damages, however, "are an amount certain and fixed, either by the act and agreement of the parties, or by operation of law; a sum which cannot be changed by proof."[10] And, as noted above, a judgment establishing the principal's debt is only prima facie evidence of the amount owed under a guaranty agreement.

McCorvey is not conclusively bound by the amount of the judgment against McCorvey Grading,[11] and nothing in Blalock's submission establishes, with certainty, the extent of McCorvey's indebtedness. Accordingly, although the trial court properly entered default judgment against McCorvey as to *liability*, we must remand for further proceedings regarding the damages owed by McCorvey under the guaranty contract.[12]

*Judgment reversed. Eldridge and Adams, JJ., concur.*

DECIDED JULY 29, 2004.

*Cohen, Goldstein, Port & Gottlieb, Neil A. Moskowitz*, for appellants.

*Richard M. Howe, Scott M. Stevens*, for appellee.

---

[10] *Roberson*, supra at 116 (5).

[11] See *Upshaw*, supra.

[12] See *Graybar Elec. Co.*, supra; *Escambia Chem. Corp.*, supra. We note that, if McCorvey challenges the amount of the indebtedness, "no defense may be interposed which would not have been available to the debtor[] if it had been timely presented, and . . . those defenses which are personal to the debtor[] may not . . . be raised." Id.