### A04A1114. FANN v. JOHNSON COUNTY BOARD OF EDUCATION et al.
(606 SE2d 110)

PHIPPS, Judge.

Contrenia C. Fann, pro se, appeals the superior court's dismissal of her lawsuit against the Johnson County Board of Education and various individuals that she claimed were "facilitators of the Athletic Department of the Johnson County School System." We affirm because Fann has not shown that the dismissal was error.

Fann's lawsuit alleged that the defendants had violated the Georgia Equity in Sports Act,[1] which mandates equal opportunities for both genders in public school athletic departments. She claimed that the violations caused her and her minor children emotional stress and anguish. The defendants answered, asserting, among other things, that Fann had failed to exhaust administrative remedies. In an amended complaint,[2] Fann alleged that she "could not exercise her right of appeal of the local board's decision because no decision was given."

Defendants moved to dismiss the lawsuit, arguing failure to exhaust administrative remedies. In addition, they claimed that the Johnson County Board of Education was not an entity capable of being sued under Georgia law and that the remaining individual defendants were entitled to official immunity. The superior court agreed and dismissed the lawsuit.

Pretermitting whether any action or omission by the local school board frustrated Fann's ability to avail herself of administrative remedies and entitled her to initiate a civil lawsuit,[3] we affirm the dismissal because Fann has not shown error in the dismissal of any party defendant.

1. Fann contends that dismissal of the Johnson County Board of Education as a party defendant was improper. We disagree. With an

---

[1] OCGA § 20-2-315.

[2] Although Fann's pleading was entitled "Plaintiff's Response to Defendants Responsive Pleadings," it is the substance of pleadings that determine their treatment by the courts. *Andrew L. Parks, Inc. v. SunTrust Bank*, 248 Ga. App. 846, 847 (545 SE2d 31) (2001).

[3] See *Atlanta Public Schools v. Diamond*, 261 Ga. App. 641, 643 (1) (583 SE2d 500) (2003) (failure to exhaust futile administrative remedies did not bar a direct proceeding before the superior court); see also OCGA §§ 20-2-315 (g), (h); 20-2-1160.

exception not shown to be applicable here, "a county board of education, unlike the school district which it manages, is not a body corporate and does not have the capacity to sue or be sued."[4] Although the Johnson County Board of Education alerted Fann in its answer that it was not a proper party defendant, she made no attempt to address that issue.[5] Accordingly, the superior court did not err in dismissing the county board as a party defendant.

2. Fann makes no claim of error concerning the dismissal of the remaining individual defendants. Thus, appellate review of this issue has been waived.[6]

*Judgment affirmed. Smith, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 15, 2004 —<br>RECONSIDERATION DENIED OCTOBER 27, 2004.

Contrenia C. Fann, *pro se.*
*Clark & Clark, Christian J. Steinmetz III*, for appellees.

---

[4] (Citations omitted.) *Cook v. Colquitt County Bd. of Ed.*, 261 Ga. 841 (412 SE2d 828) (1992); see *Foskey v. Vidalia City School*, 258 Ga. App. 298, 301 (b) (574 SE2d 367) (2002).

[5] See generally *Kaylor v. Atwell*, 251 Ga. App. 270, 274 (2) (c) (553 SE2d 868) (2001).

[6] See id.; *Tidwell v. Coweta County Bd. of Ed.*, 240 Ga. App. 55, 56 (2) (521 SE2d 889) (1999).