[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16611
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-01816-TCB

REEVES ALEXANDER REEVES,

Plaintiff-Appellant,

versus

J.A. WILBANKS, GCPS Board of Education
Superintendent, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 3, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Reeves Alexander Reeves, appearing *pro se*, appeals the district court's dismissal of his civil rights complaint alleging violations of both federal and state law by various individuals associated with the Gwinnet County public school system. The district court dismissed Mr. Reeves' claims against the Gwinnett County Board of Education and Superintendent J.A. Wilbanks for failure to state a claim. The claims against all other defendants were dismissed for failure to effect service of process. After review, we affirm.

## I.

Mr. Reeves is a former board member of the Lilburn Middle School parent-teacher student association ("PTSA"). On May 24, 2011, the PTSA held a meeting and end-of-the-year celebration at the First Baptist Church of Lilburn. According to Linda Scott, secretary for school principal Gene Taylor, Mr. Reeves committed assault and battery against her at that meeting. In particular, Ms. Scott claimed that Mr. Reeves approached her, put his hands on her shoulders, squeezed very tightly, and whispered intimidatingly in her ear, "Why are you still here? I thought you had to go?" The next day, Officer Thomas Williamson obtained a warrant for Mr. Reeves' arrest based on Ms. Scott's allegations and corroborating witness statements from Principal Taylor, Assistant Principal Carla Clark, and Assistant Principal Steven Edwards. On February 9, 2012, the charges against Mr. Reeves were dropped.

2

Mr. Reeves later sued Ms. Scott, Principal Taylor, Assistant Principal Clark, Assistant Principal Edwards, Officer Williamson, Chief of Police Wayne Rickard, Lieutenant Bill Wellmaker, and Dr. James Taylor (Executive Director of Academic Support) in their individual capacities for their purported involvement in acts related to his arrest. He also sued Superintendent Wilbanks, in his official capacity, and the Gwinnett County Board of Education.[1] His complaint stated claims for false arrest, false imprisonment, defamation, violation of due process, malicious prosecution, and conspiracy.

On June 27, 2012, Timothy House, acting as an agent for Mr. Reeves, attempted to effectuate service upon all the defendants by serving Jorge Gomez, the registered agent for Gwinnett County Public Schools, at the Board of Education's offices. Mr. Gomez accepted service on behalf of the Board of Education and Superintendent Wilbanks, but he refused to accept service on behalf of all other defendants. Mr. House proceeded to make another attempt to serve Mr. Gomez on July 23, 2012; it was met with a similar refusal. At that point, Mr. House left the summonses with the receptionist at the front desk and left.

The Board of Education and Superintendent Wilbanks timely filed a joint motion to dismiss for failure to state a claim under Rule 12(b)(6). Sometime thereafter, Ms. Scott, Principal Taylor, Assistant Principal Clark, Assistant

---

[1] The district court construed Mr. Reeves' complaint as suing Superintendent Wilbanks in his official capacity. Mr. Reeves has never contested that determination.

3

Principal Edwards, Officer Williamson, Chief Rickard, Lieutenant Wellmaker, and Dr. Taylor filed a joint motion to dismiss for insufficient service of process under Rule 12(b)(5) or, alternatively, for failure to state of claim.

The district court granted both motions. It ruled that Mr. Reeves failed to state a claim against the Board of Education or Superintendent Wilbanks because his federal claims were improperly premised on *respondeat superior* liability and that the state law claims were barred by sovereign immunity. The district court also dismissed the claims against all other defendants for failure to effect service of process.[2] This appeal followed.

## II.

We review *de novo* a district court's ruling on a Rule 12(b)(6) motion to dismiss. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). "A complaint is . . . subject to dismissal under Rule 12(b)(6) when its allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc), *abrogated in part by Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 561-63, 127 S.Ct. 1955, 1968-69 (2007). We also review *de novo* a district court's dismissal for insufficient service of process under Rule 12(b)(5), and any findings of fact are reviewed for clear

---

[2] The district court did not address the other defendants' alternative argument for failure to state a claim.

4

error. *See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 920 (11th Cir. 2003).

## A.

We first address the district court's dismissal under Rule 12(b)(6) of the claims against the Board of Education and Superintendent Wilbanks in his official capacity.[3] To properly state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). In this case, the district court construed Mr. Reeves' *pro se* complaint to raise both federal § 1983 claims and state tort claims.

As an initial matter, Mr. Reeves' argument that the Board of Education's motion to dismiss should have been treated as a motion for summary judgment is unpersuasive. First, the record does not show that the district court considered matters outside of the pleadings. Second, Mr. Reeves was the only party who submitted additional materials. Third, Mr. Reeves argued below that his

---

[3] Because an action against a public official in his official capacity is a suit against the entity that official represents, Mr. Reeves' claim against Superintendent Wilbanks functions as a claim against the Board of Education. *See Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995). We, therefore, sometimes refer to both defendants collectively in this section as the Board of Education.

complaint—on its face—met the requisite pleading standard. The district court, therefore, did not err by treating Board of Education's motion as a motion to dismiss. *See Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1232 (11th Cir. 2010) (A district court "need not convert a motion to dismiss into a motion for summary judgment so long as [the court] does not consider matters outside of the pleadings."). *See also Ware v. Assoc. Milk Producers, Inc.*, 614 F.2d 413, 415 (5th Cir. 1980) (discussing that the district court has "complete discretion to determine whether or not to accept any material beyond the pleadings.").

As for Mr. Reeves' § 1983 claims, federal law provides that local governmental entities or supervisory officials sued in their official capacity "cannot be held liable *solely* because [they] employ[] a tortfeasor—or, in other words, [they] canot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 98 S. Ct. 2018, 2021-22 (1978). Thus, the Board of Education could only be liable under § 1983 if Mr. Reeves sufficiently alleged "(1) that his constitutional rights were violated; (2) that the [Board of Education] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1289 (11th Cir. 2004). The Board of Education must also be a legal entity subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("The question here is not whether [the police

6

department] is a "person" for the purposes of liability under *Monell* and section 1983, but whether the Department is a legal entity subject to suit.").

Even construing Mr. Reeves' complaint liberally, we find that his federal claims are premised on a *respondeat superior* theory and asserted against defendants who lack the capacity to be sued. First, Mr. Reeves did not allege that the Board of Education took any action that contributed to his injury; he claimed, instead, that it ought to be liable for the actions of the defendants who were sued in their individual capacities. Second, he failed to allege that his purported constitutional violation resulted from a Board of Education policy or custom. Third, county school boards lack the capacity to sue or be sued under Georgia law. *See Cook v. Colquitt Cnty. Bd. Of Educ.*, 412 S.E. 2d 828, 828-29 (Ga. 1992). *See also* FED. R. CIV. P. 17(b)(3) (providing that capacity to sue or be sued is determined "by the law of the state where the court is located"). Accordingly, the district court properly dismissed Mr. Reeves' § 1983 claims against the Board of Education and Superintendent Wilbanks.

As for Mr. Reeves' state law claims, the state and its political subdivisions are entitled to sovereign immunity from suit unless that immunity is expressly waived under Georgia law. *See* GA. CONST. ART. I, § II, ¶ IX. And school districts are considered "political subdivisions of the state entitled to the sovereign immunity extended to the state." *Coffee County School Dist. V. Snipes*, 454 S.E. 2d

149, 150 (Ga. App. 1995). In this case, Mr. Reeves failed to show that the Board of Education waived sovereign immunity, and, under Georgia law, it was his burden to do so. *See Bonia v. Ben Hill Cnty. Sch. Dist.*, 740 S.E. 2d 185, 188 (Ga. App. 2013). Therefore, his state law claims against the Board of Education and Superintendent Wilbanks were also subject to dismissal.

**B.**

We next address the dismissal of claims against all other defendants for failure to effect service of process.[4] Under the Federal Rules of Civil Procedure, a plaintiff must serve the summons and the complaint to each defendant within 120 days after the complaint is filed. *See* FED. R. CIV. P. 4(c), (m). Service must be made pursuant to state law or by: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(e).

---

[4] In his reply brief, Mr. Reeves argues, for the first time, that the defendants have conceded any issues concerning the insufficient service of process by not responding to a set of objections he filed after the district court entered its dismissal order. This argument, however, is waived because "we do not address arguments raised for the first time in a *pro se* litigant's reply brief." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Mr. Reeves argues that he made reasonable efforts to comply with Rule 4 when he tried to serve Mr. Gomez—the Board of Education's registered agent—with the summonses for the defendants sued in their individual capacities.[5]  In his view, Mr. Gomez had been appointed by the Board of Education to accept service on its behalf and, therefore, he was also authorized to accept service on behalf of employees of the Gwinnett County school system.

The burden is on Mr. Reeves to prove Mr. Gomez was so authorized. *See Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981) ("When service of process is challenged, [the plaintiff] must bear the burden of establishing its validity."). We conclude that Mr. Reeves did not meet this burden.

Generally, a government employee sued in his individual capacity must be personally served. *See, e.g., Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (officer sued in his individual capacity was not properly served when summons was delivered to the superintendent of the police department); *Ecclesiastical Order of the Ism of Am, Inc. v. Chaspin*, 845 F.2d 113, 116 (6th Cir. 1988) (service made upon the Department of Justice "cannot suffice to bring

---

[5] Mr. Reeves alternatively argues that service was proper because the attendant at the front desk ensured Mr. Reeves' process server that the defendants would receive a copy of the summonses. That argument is foreclosed by prior precedent. *See Albra v. Advan*, 490 F.3d 826, 827 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service.").

9

[Department of Justice employees] before the court in their individual capacities"); *Production & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 22 (9th Cir. 1983) (suit could only proceed against state employees in their official capacity when they were not personally served). Mr. Reeves has failed to offer any case law, statutory authority, or evidence to show that Georgia or, more specifically, the Gwinnett County Board of Education departs from this general principle. Our own review of Georgia law also yields no support for his contention. *See* Ga. Code. Ann. § 9-11-4(e)(7). *See also Headrick v. Fordham*, 268 S.E. 2d 753, 754-55 (Ga. App. 1980) (an individual is not personally served when the summons is left with his or her secretary); *News-Press Pub. Co., Inc. v. Kalle*, 326 S.E. 2d 582, 583 (Ga. App. 1985) ("Service of process on merely an apparent agent is not sufficient. It must be made on an actual agent.") (internal citation omitted). The district court, therefore, did not err when it dismissed the claims against the other defendants for insufficient service of process.

Mr. Reeves also argues that, even if service was deficient, he should have been given leniency as a *pro se* litigant to remedy the deficiency. Under our precedent, however, *pro se* litigants are still required to follow the rules of civil procedure. *See Albra*, 490 F.3d at 829 ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules.") (internal quotation omitted). In addition, by

10

his own admission, Mr. Reeves knew as early as June 27, 2012 that Mr. Gomez was refusing to accept service on behalf of the other defendants. Mr. Reeves has not indicated that he made any effort to personally serve the defendants or request an extension of time from the district court at any time between June 27, 2012 and the end of the 120-day period to effectuate service. We, therefore, find that the district court applied the correct legal standard, and it made no clear error of judgment in declining to allow Mr. Reeves an opportunity to correct his failure to properly serve the defendants.

## III.

In sum, the district court correctly dismissed Mr. Reeves' claims against the Board of Education and Superintendent Wilbanks for failure to state a claim and the claims against all other defendants for failure to effect service of process.

**AFFIRMED**.

11