**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 27, 2014**

# In the Court of Appeals of Georgia

A13A2313. KOULES v. THE DOLCE GROUP ATLANTA, LLC et al.

BARNES, Presiding Judge.

On appeal, Shereen Arazm Koules, as guarantor of a lease between Dolce Group Atlanta, LLC (hereinafter "Dolce") and appellee SP5 Atlantic Retail Ventures, LLC (hereinafter "SP5"), contends that the trial court erred in holding that Koules lacked standing to participate in a hearing on the amount of unliquidated damages resulting from Dolce's default. Upon our review, and for the reasons stated below, we reverse.

The evidence establishes that SP5 filed suit against Dolce and three guarantors, including Koules, for rent and other charges associated with two commercial leases. The complaint sought damages of over $5 million for unpaid rent, and approximately $2 million for other costs, including interest, late charges, and attorney fees. After the defendants failed to answer the complaint, the trial court entered a default judgment

in favor of SP5 against Dolce but not against Koules or the other guarantors. Thereafter, Koules filed a motion to set aside the default judgment against Dolce, in which she alleged that SP5 had not established in its pleadings that the damages were liquidated. Koules further asserted that the failure to do so was a non-amendable defect pursuant to OCGA § 9-11-60 (d) (3), and thus the default judgment against Dolce should be set aside.

The trial court granted Koules' motion to set aside the default judgment and in its order first determined that Koules had standing to bring the motion to set aside the default judgment because she had a "clear material interest" as a guarantor of the subject matter lease, and was thus subject to liability by rendition of the judgment. The trial court further found that because the damages alleged in SP5's complaint were not "certain and fixed and ascertainable from the pleadings," the damages were unliquidated. The trial court noted that

> [SP5] has attached the lease agreements, amendments, and termination agreements relevant to the underlying claims for breach of contract. . . . However, [SP5] has merely stated amounts for which Defendant Dolce owes on the leases, without explanation of how that amount was calculated. In the termination agreements, [SP5] and Defendant Dolce agree that [SP5] does not waive its right to rents not paid by consenting to those agreements. However, the Complaint is devoid of any evidence

2

regarding which months went unpaid. By lacking an explanation as to how the amounts claimed in the Complaint were calculated, [SP5's] alleged damages do not satisfy the burden set out in *Kitchen [Int'l, Inc. v. Evans Cabinet Corp.*, 310 Ga. App. 648, 653[(2) (714 SE2d 139) (2011)], and thus the damages alleged by [SP5] are unliquidated , and necessitate an evidentiary hearing before the entry of a default judgment.

The trial court also set the date for an evidentiary hearing to determine the unliquidated damages.

At the damages hearing, SP5 argued that Koules was not a party to the default judgment against Dolce and that it had a separate suit against the guarantors that was pending on a motion for summary judgment. It maintained that Koules did not have standing to object to the default judgment against Dolce, that "if [Dolce] contested the damages, then [Dolce] should be here today to defend the lawsuit, but they're not," and that it was "seeking a judgment against [Dolce], the obligor, who has never responded," not the guarantors. SP5 further maintained that if it lost on the pending summary judgment motion in the action against the guarantors, then Koules and the other guarantors would have their day in court. Citing *McCorvey Grading & Pipeline v. Blalock Oil Co.*, 268 Ga. App. 795 (602 SE2d 842) (2004), SP5 maintained that the

3

judgment was not conclusively binding against the guarantors, and that "this [was] not [the guarantors'] hearing."

In contrast, Koules maintained that she was entitled to participate in the evidentiary hearing on the damages as "a party with a material interest in the relief requested" because SP5 was seeking to collect the damages from the guarantors, and she was there "to make sure that those damages are supported by the evidence and fact." Thereafter, the trial court held that

> having heard from both sides and based on what we had contemplated for today's hearing . . . the court is not going to permit [Koules] to participate in this hearing. I'm going to proceed to hear the evidence presented for the purpose indicated . . . [T]he court will then enter an order with the requisite findings and conclusions based on the numbers presented.

Koules' attorney asked the trial court if she would be permitted to object to the evidence, and the trial court responded that "[t]he ruling is that you are observing, not participating." Koules then objected to the "procedure."

In support of its damages, SP5 presented evidence that it had properly served Dolce with a copy of its request for admissions and that Dolce had not responded, thus admitting it owed the amounts set forth in the pleadings. SP5's witness, the

4

bookkeeper for Atlantic Station's properties including Dolce, testified that each amount was owed.[1] No other evidence was presented. SP5 then moved for default judgment, which the trial court granted.

On appeal, Koules does not challenge the entry of the default judgment against Dolce, nor do the parties challenge the trial court's determination that the damages were unliquidated.[2] Koules' claim essentially is that the trial court erred in its holding that she did not have standing as guarantor to participate in the hearing on the amount of unliquidated damages to be awarded against Dolce, thereby denying her the opportunity to challenge the amount of the damages. We agree.

> OCGA § 9-11-55 (a) provides that in the event of a default, the plaintiff shall be entitled to a verdict and judgment as if every item and paragraph of the complaint were supported by proper evidence, without the intervention of a jury unless the action is one ex delicto or involves unliquidated damages, in which event the plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as

---

[1] Koules had also subpoenaed this witness and two others to testify at the hearing.

[2] "Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct." *Tidwell v. Coweta County Bd. of Educ.*, 240 Ga. App. 55 (1) (521 SE2d 889) (1999).

5

> to damages and the right of either to move for a new trial in respect of
> such damages.

(Punctuation omitted.) *Sellers v. Nodvin*, 207 Ga. App. 742, 745-746 (3) (429 SE2d 138) (1993).

Although SP5 maintains that the judgment was against Dolce and thus, Koules, as the guarantor, did not have a right to intervene in the damages hearing, we addressed a similar argument in *Escambia Chemical Corp. v. Rocker*, 124 Ga. App. 434 (184 SE2d 31) (1971). There, the creditor had sued the principal debtors and the guarantor, and the guarantor filed an answer, but the case against the debtors went into default and a judgment was entered against them. Id. The guarantor moved to set aside the default judgment so that he could contest the issue of liability or the amount of the judgment. Id. The trial court denied the motion, but entered an order holding that the default judgment was not binding on the guarantor "in any manner," and thus he could challenge both liability and the amount of the award. Id. at 434 (2). We reversed in part, holding that while a guarantor is not conclusively bound by a judgment against the principal debtor, the liability and amount established by that judgment nevertheless constitutes prima facie evidence against the guarantor, which

6

she or he can then attempt to rebut. Id at 440. See also *Noorani v. Sugarloaf Mills L.P. of Ga.*, 308 Ga. App. 800, 807 (4) (708 SE2d 685) (2011).

Based on *Escambia,* it is clear that Koules, as guarantor, had a material interest in the outcome of the default judgment hearing, given that the amount of the judgment could be used as prima facie evidence in the claim against her. Thus, even though the principal, Dolce, did not present evidence at the hearing on the unliquidated damages, Koules, had standing to contest the amount of damages. See *Noorani ,*308 Ga. App. at 805-806 (4).

Accordingly, the trial court erred in not permitting Koules to participate in the evidentiary hearing on the unliquidated damages. Thus, we reverse the trial court's order entering default judgment in favor of SP5 and remand the case for further proceedings regarding the liquidated damages owed to SP5.

*Judgment reversed and case remanded. Miller and Ray, JJ., concur.*